THE STATE OF OHIO, APPELLANT, *v.* GATES, APPELLEE.

(Decided November 13, 1939.)

*Mr. Alva J. Russell,* prosecuting attorney, and *Mr. George Farr,* for appellant.

*Mr. M. E. Snyder,* for appellee.

WASHBURN, P. J.   Under Section 6 of Article IV of the Constitution, Courts of Appeals are vested with jurisdiction to review, on behalf of the state, judgments and final orders of inferior courts of record in criminal cases wherein the defendants are discharged, save and except in those cases in which the defendants who have been discharged have, in the proceedings sought to be reviewed, been put in legal jeopardy, which, under Section 10 of Article I, protects them against other trials for the same offenses.

In this case the defendant was brought before the Court of Common Pleas, Juvenile Division, and placed upon trial before the court and a jury upon an affidavit charging him with the commission of a criminal offense, to wit, contributing to the delinquency of one Sarah Nelson.

At the conclusion of the evidence on behalf of the state, upon motion of the defendant, the jury was dismissed and the defendant discharged, for the reason that "the proof that has been submitted so far by the state could not, under the law, make Mr. Gates, the defendant in this case, guilty of any act against the laws of this state."

It therefore appears that the defendant was placed in jeopardy, and that he was discharged because the state failed to offer evidence that he was guilty of a crime under the laws of the state.

Thereafter, the state gave notice of appeal on questions of law, and attempted to prosecute the appeal under the provisions of Section 13446-1 *et seq.,* General Code—not to affect the judgment of the trial court, but to procure a ruling to govern in similar cases.

The cause was submitted in this court upon a transcript of the evidence rather than a regular bill of

exceptions. It does not appear therefrom, or from the transcript of the docket and journal entries, that there was any objection made or exception taken to any act of the trial court.

Under the circumstances presented, we hold that the Courts of Appeals are not vested with jurisdiction such as is referred to in said statutes, the exercise of which would not affect the judgment of not guilty entered by the Court of Common Pleas in the instant case, but would only determine the law to govern in similar cases.

Having reached the conclusion that the defendant was put in legal jeopardy, this court is without jurisdiction to review the judgment finding him not guilty, and further, this court in this case is without jurisdiction to determine the law which should govern trial courts in similar cases.

The appeal is, *sua sponte,* dismissed.

*Appeal dismissed.*

Doyle and Stevens, JJ., concur.