THE STATE OF NEVADA, APPELLANT, *v.* ROBERT O. NYSTEDT, RESPONDENT.

No. 4512

January 16, 1963

377 P.2d 929

*Harvey Dickerson*, Attorney General, *William J. Raggio*, District Attorney, and *Herbert F. Ahlswede*, Chief Deputy District Attorney, Washoe County, for Appellant.

*Stanley H. Brown* and *Peter Echeverria*, of Reno, for Respondent.

# OPINION

By the Court, McNAMEE, J.:

Respondent was acquitted in the lower court of the charges of incest and rape under an information which alleged that in May 1961 he had had sexual intercourse

with his natural daughter of the age of 16 years. Pursuant to NRS 177.065 the State has appealed, specifying three errors at law committed in the court below.

During the trial, the lower court denied the State's offer to prove through its witness, respondent's 17 year old son, that prior to the commission of the offenses charged, respondent: (1) in April 1957 contributed to the delinquency of a minor other than the minor involved in the offenses with which respondent was charged; (2) in the summer of 1957 respondent was an accomplice in an act of sodomy accompanied by an act contributing to the delinquency of a minor, neither of which concerned the minor involved in the offenses with which he was charged; and (3) at an unspecified date respondent committed sodomy with a minor other than the minor involved in the offenses with which he was charged.

The State's purpose for the offers of proof 1 and 2 does not appear in the transcript. As to offer of proof 3, the State stated that the purpose of this offer was to show a common scheme on the part of the respondent and respondent's motive for the commission of the acts of which he stands charged.

Although we could sustain the action of the trial court in denying offers 1 and 2 for the reason that they failed to contain a statement of the specific purpose for which these offers were made, 1 Wigmore, Evidence § 17 (3rd ed. 1940), we hold that it was not error for the trial court to deny the three offers of proof under our decision in the case of Nester v. State, 75 Nev. 41, 334 P.2d 524.

In Nester, we stated the general rule that on the trial of a person accused of crime, proof of a distinct independent offense is inadmissible, and then cited the five exceptions thereto, to wit, when the other crime tends to establish motive, intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other

that proof of one tends to establish the others, and the identity of the person charged.

Even if we were in accord with the State's position that such proffered testimony was admissible under one of the exceptions to the general rule forbidding evidence of a separate and distinct offense, and if we disregarded the element of remoteness, error would not be declared, because of a trial court's discretionary power to preclude jury knowledge of such prejudicial material. To state it differently: The fact that the *reception* of such evidence under some cases may not be considered error does not mean that the *refusal to receive* it is error. All of the authorities consider only the question of whether error occurred in receiving such evidence. As stated in Nester, 75 Nev. 41, 54, 334 P.2d 524, 531: "Even where relevancy under an exception to the general rule may be found, fair trial demands that the evidence not be admitted in cases where, by virtue of its prejudicial nature, it is more likely to distract from the essential issue than to bear upon it.

"Whether, under the circumstances, admission of the evidence interferes with fair trial, can hardly be determined by fixed rule of law. It would seem to require, instead, the exercise of judicial discretion of the trial judge."

As in that case, we cannot say that the balance struck by the trial judge between prejudice and probative weight was manifestly wrong.

The two attorneys for respondent were appointed by the trial court to defend respondent in that court, and they were allowed fees for their services therein. Because of the State's appeal after acquittal, they were not compelled to follow the case to this court without compensation. They have performed satisfactorily the legal services required of them in this court. Pursuant to subsection 2 of NRS 177.065 they are entitled to further compensation.

The rulings of the lower court upon the questions of law submitted to this court are affirmed, and the lower court is directed to give each of respondent's attorneys the certificate specified in subsection 3 of NRS 7.260 to enable them to recover an enlarged compensation to be graduated on a scale corresponding to the sums already allowed.

Affirmed.

BADT, C. J., and THOMPSON, J., concur.