JERALD MARTIN, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 4633

June 15, 1964                      393 P.2d 141

*Roger L. Erickson*, of Reno, for Appellant.

*Harvey Dickerson*, Attorney General, *William J. Raggio*, District Attorney, and *Herbert F. Ahlswede*, Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, MCNAMEE, J.:

On March 29, 1963 the defendant was found guilty by jury verdict of rape, and judgment pursuant to said verdict was entered April 2, 1963 sentencing him to prison for not less than 5 years nor more than 20 years. His motion for new trial was denied. Appeal is from the judgment and from the order denying a new trial.

It appears from the evidence that on November 14, 1962 the defendant and his wife were at the home of Patsy Camplin who shared the dwelling with the victim, Geri Thompson. While Merilou Martin, his wife, was in the living room babysitting, defendant went into the bedroom of Geri Thompson where he found her in bed. She was wearing pajamas. There, he had sexual intercourse with her. She testified that it was forcible and against her consent. He testified that he used no force and that although at first she resisted his advances she

co-operated in removing her pajamas and had ceased her resistance when the act of intercourse took place. The record shows that Michelle Camplin, the 3-year-old daughter of Patsy Camplin, was sleeping in the adjoining bedroom at the time.

On cross-examination of the defendant he was asked by the deputy district attorney if he had not come from the bedroom of Michelle Camplin just prior to entering the bedroom of Geri Thompson. When he answered "No," he was asked, "Isn't it true you attacked 3-year-old Michelle Camplin on the night of the 14th?" His counsel objected and moved for a mistrial. The court stated: "I am going to deny the motion for mistrial, and that will be the order. I am also going to overrule the objection to the question and allow the question to be answered." The defendant then answered that it was not true.

Patsy Camplin, the mother of Michelle, was called as a witness for the state in rebuttal. She testified that when she came back to her home the defendant was still there.

"Q   At that time what, if anything, did you discover concerning your three-year-old daughter, Michelle?

"A   That she had been molested.

"Q   How were you able to make that determination?

"A   This neighbor girl friend was with me, and she went in there first because my older son called her into the bedroom and showed the blood on her pants. Then I went in there."

Thereupon the pants were identified and received in evidence over the objection of defendant's counsel. The blood thereon was conspicuous, especially at the crotch. Mrs. Camplin testified that the pants were clean earlier that evening and were bloody when she returned to the house.

Mrs. Camplin was permitted to state a conversation she had with 3-year-old Michelle on the following day:

"Q   What did she say?

"A   The doctor had given me medicine to prevent infection on her. She started screaming and crying, and I asked her what was wrong. She said it hurt. She said, 'That man put his finger up my potty.'

"Q    To whom was she referring?

"A    I asked her and she said, 'Merilou's daddy.' "

Only after the last question was answered did defendant's counsel object and move for a mistrial.[1] Defendant twice before had distinctly objected to evidence concerning the molesting of a 3-year-old child and had been overruled. He cannot be said to have waived his objection thereto simply because it was not repeatedly asserted. Citizens Bank of Nevada v. Robison, 74 Nev. 91, 323 P.2d 705; Moore v. Norwood, 41 Cal.App.2d 359, 106 P.2d 939. The motion for mistrial was denied. The court ignored the objection.

Under subsection 2 of NRS 48.030, children under 10 years of age who are incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly, cannot be witnesses. To determine the qualification of a child under 10 years of age, the court must examine the child before permitting him or her to testify. A preliminary examination by the court no doubt would disclose that Michelle could not qualify as a witness; yet the trial court permitted her statements, although hearsay, to remain in evidence.

This evidence given by Mrs. Camplin, which was solely for the purpose of convincing the jury that the defendant had committed a detestable sexual offense against a 3-year-old child, glaringly was prejudicial to the defendant.

The state recognizes the rule of criminal evidence that, on a trial of a person accused of crime, proof of a distinct independent offense is inadmissible. It contends however that as an exception to this rule, evidence of another crime is competent to prove the specific crime charged when it tends to establish motive.

In State v. Nystedt, 79 Nev. 24, 377 P.2d 929, in a prosecution for incest and rape, the state made an offer

---

[1]Defendant's counsel on appeal was not his counsel at the trial.

of proof of other independent offenses, in part for showing the defendant's motive for the commission of the acts for which he was charged. The evidence was rejected. We said: "Even if we were in accord with the State's position that such proffered testimony was admissible under one of the exceptions to the general rule forbidding evidence of a separate and distinct offense * * * error would not be declared, because of a trial court's discretionary power to preclude jury knowledge of such prejudicial material." We then cited with approval the statement in Nester v. State, 75 Nev. 41, 334 P.2d 524: "Even where relevancy under an exception to the general rule may be found, fair trial demands that the evidence not be admitted in cases where, by virtue of its prejudicial nature, it is more likely to distract from the essential issue than to bear upon it."

The evidence was in sharp conflict whether the sexual intercourse was forcible or not and whether or not the victim consented thereto.[2]

With this highly inflammable evidence, in part consisting of hearsay of statements of a 3-year-old minor, the defendant was prevented from having a fair trial. The jury naturally would be prejudiced and discredit his testimony in favor of the testimony of Geri Thompson, the alleged victim. Aside from the hearsay statements of Michelle, which we hold to be inadmissible, the court's discretionary power to permit knowledge of the prejudicial material relating to Michelle was abused.

The judgment and order denying a new trial are reversed, and the case is remanded for a new trial.

BADT, C. J., and THOMPSON, J., concur.

---

[2] Rape is the carnal knowledge of a female, forcibly and against her consent. NRS 200.360.