GILBERT HANCOCK, APPELLANT, *v.*
STATE OF NEVADA, RESPONDENT.

No. 4739

December 15, 1964                    397 P.2d 181

*Robert Santa Cruz*, of Las Vegas, for Appellant.

*Harvey Dickerson*, Attorney General, Carson City; and *Edward G. Marshall*, Clark County District Attorney, and *William E. Freedman* and *Raymond D. Jeffers*, Clark County Deputy District Attorneys, Las Vegas, for Respondent.

**OPINION**

By the Court, THOMPSON, J.:

On Christmas Day 1962 Hancock and one Livingston Johnson engaged in a fight which ended rather abruptly when Hancock, using a straight razor, cut the left side of Johnson's neck from behind and above the left ear down to the midline just below the Adam's apple—an incision about 8 inches long, shallow at the upper and lower margins, but about one-half inch in depth at the mid-portion. Johnson died about noon on December 26, 1962. Subsequently Hancock was charged with murder (NRS 200.010). A jury found him guilty of murder of the second degree and, following judgment, Hancock was sentenced to the State Prison for "not less than 10 years, which term may be extended to life." (NRS 200.030, subsec. 4.) He appeals.

The main contention is that the evidence is not sufficient to prove that the neck incision caused Johnson's death. It is true that some of the evidence indicates that the neck wound did not produce excessive bleeding, nor were vital structures damaged by the incision. The wound was surgically repaired the following day, and the patient's condition was believed to be satisfactory. However, the pathologist who performed an autopsy, testified that the underlying cause of death was the neck wound which "resulted in acute heart failure and pulmonary edema (the collection of fluid in the lungs)

which were the direct causes." He stated further that, in his opinion, Johnson would have lived but for the incised wound. The doctor's opinion supplies the requisite proof.

The other claim of error is that the trial court should not have given instructions on general intent and specific intent without giving a third instruction stating that the instruction on general intent does not relate to crimes which require proof of specific intent.[1] Here the defendant was faced with an open murder charge. The degree of the crime was not specified. Accordingly, the jury was instructed concerning the elements of first and second degree murder, and manslaughter, voluntary and involuntary. The crime of manslaughter does not require the specific intent to kill (NRS 200.050, voluntary manslaughter; NRS 200.070, involuntary manslaughter; State v. Lewis, 59 Nev. 262, 91 P.2d 820, involuntary manslaughter); and the general intent instruction quoted in the footnote was not inappropriate for that crime. The instruction was similarly compatible with the crime of second degree murder, in which instance a specific intent to kill need not be found. NRS 200.010; NRS 200.030(1); State v. Holdaway, 56 Nev. 278, 48 P.2d 420. On the other hand, first degree murder usually requires a willful, deliberate and premeditated killing— a specific intent to kill—and the instruction so stating was properly given. There was no need to further encumber the record by adding another instruction to the effect that what was said about general intent does not apply to first degree murder. If the offense involved would, in any and all events, require a specific intent, then, of course, it would have been erroneous to instruct about general intent (People v. Geibel, 93 Cal.App.2d 147, 208 P.2d 743; People v. Booth, 111 Cal.App.2d 106, 243 P.2d 872) for, in such a case, the defendant could be

---

[1] The general intent instruction stated: "In every crime or public offense, there must be a union or joint operation of act and intention, or criminal negligence. Intention is manifested by the circumstances connected with the perpetration of the offense, and the sound mind and discretion of the person accused."

convicted without evidence or a finding of the specific intent required. However, the case before us is not such a case. The judgment below is affirmed. Appellant's counsel was appointed by the trial court to prosecute this appeal. We direct the lower court to give him the certificate specified in subsection 3 of NRS 7.260 to enable him to recover an enlarged compensation to be graduated on a scale corresponding to the sums already allowed. State v. Nystedt, 79 Nev. 24, 377 P.2d 929.

Affirmed.

BADT, C. J., and MCNAMEE, J., concur.