THE STATE OF NEVADA, Appellant, *v.* MARA-LYN WARMINGTON, Respondent.

No. 4802

July 6, 1965            403 P.2d 849

*Harvey Dickerson,* Attorney General, of Carson City, Nevada; *Edward G. Marshall,* Clark County District Attorney, and *James M. Bartley,* Deputy District Attorney, of Las Vegas, for Appellant.

*Harry E. Claiborne,* and *Thomas J. O'Donnell,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Maralyn Warmington was charged with the murder of her husband, tried, and acquitted by the jury. This appeal by the state followed. The main issue is the constitutionality of NRS 177.065 which allows the state to "appeal questions of law in criminal cases when such questions have become moot by virtue of acquittal of the defendant."[1] The state contends that the statute is constitutionally permissible, and asks that we review certain trial court rulings excluding purported confessions of the accused and other claimed trial errors. The respondent urges that the statute is constitutionally infirm, for it enlarges the jurisdiction of this court beyond the grant of power contained in Nev. Const. Art. 6, § 4.

The statute in question became law in 1957. Stats. Nev. 1957, p. 60. Its enactment was prompted by the opinion of this court in State v. Corinblit, 72 Nev. 202, 298 P.2d 470. That case involved an appeal by the state under NCL 11084 (now NRS 177.060), which permits an appeal from "a final judgment of the district court in all criminal cases." Many of the difficulties inherent in an appeal by the state, under the statute there involved, were succinctly expressed by MR. JUSTICE BADT in his dissenting opinion and, no doubt, gave birth to NRS 177.065 which is now before us for consideration. The present case is the second in which the state has asserted its NRS 177.065 right to appeal, following a verdict of acquittal. The first case was State v.

---

[1] We are not here dealing with the statute which gives to the state a right to review upon a matter preliminary to trial and before jeopardy attaches, as where a demurrer is sustained. NRS 177.060. No constitutional issue is involved in that instance.

Nystedt, 79 Nev. 24, 377 P.2d 929. There we entertained the appeal, and decided moot questions. However, the constitutionality of NRS 177.065 was not raised. The constitutional point is raised now, and we turn to resolve it.

Nev. Const. Art. 6, § 4, invests this court with appellate jurisdiction "on questions of law alone in all criminal cases in which the offense charged is within the original jurisdiction of the district courts." For the purposes of this appeal, the important words of the quoted constitutional provision are "in all criminal cases." A "case" within the intendment of that provision no longer exists once an accused has been charged with the commission of a public offense, tried, and acquitted. State v. Kelsey, (N.D.), 190 N.W. 817; State v. Gates, (Ohio), 25 N.E.2d 471. No actual controversy concerning the subject matter or the defendant remains. The legislature has declared that an appeal taken by the state shall not stay or affect the operation of a judgment in favor of the defendant. NRS 177.130. Constitutional provisions forbidding double jeopardy (Nev. Const. Art. 1, § 8; U.S. Const. Amend. V) make it certain that a criminal case is ended when an accused has been acquitted following trial. Kepner v. United States, 195 U.S. 100. See also 36 Yale L. Journal 486 criticizing this view. Indeed, the avowed purpose of NRS 177.065 authorizing this appeal is to obtain our views upon moot questions of law, presumably to establish a guide for trial courts in future cases. Our appellate jurisdiction in criminal cases does not embrace the resolution of mere moot questions. We hold, therefore, that the legislative attempt to have this court decide moot questions of law in a criminal case following acquittal is constitutionally impermissible as an enlargement of our appellate jurisdiction beyond the constitutional grant of power.

Appeal dismissed.

BADT, J., and BROWN, D. J., concur.