STATE OF NEVADA, Appellant, *v.* DON WAYNE VIERS, Respondent.

No. 6055

May 18, 1970                469 P.2d 53

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Addeliar D. Guy,* Deputy District Attorney, Clark County, for Appellant.

*Morris, Walker and Pilkington,* of Las Vegas, for Respondent.

## OPINION

By the Court, Batjer, J.:

The respondent, Don Wayne Viers, was charged with assault with a deadly weapon with intent to do bodily harm. He was tried before a jury and acquitted. This appeal by the state results from that acquittal. The respondent has moved for a dismissal of the appeal and contends that NRS 177.015 is

unconstitutional, to the extent that it purports to allow the state to appeal questions of law in criminal cases, after those questions have become moot, by virtue of the acquittal of the defendant.

In support of his contention the respondent relies on State v. Warmington, 81 Nev. 369, 403 P.2d 849 (1965). Although that case concerned itself with the constitutionality of NRS 177.065 (repeal effective January 1, 1968), nevertheless we find that the legal principles laid down there are applicable here. In that case this court said: "Nev. Const. Art. 6, § 4, invests this court with appellate jurisdiction 'on questions of law alone in all criminal cases in which the offense charged is within the original jurisdiction of the district courts.' For the purposes of this appeal, the important words of the quoted constitutional provision are 'in all criminal cases.' A 'case' within the intendment of that provision no longer exists once an accused has been charged with the commission of a public offense, tried, and acquitted. State v. Kelsey, (N.D.), 190 N.W. 817; State v. Gates, (Ohio), 25 N.E.2d 471. No actual controversy concerning the subject matter or the defendant remains. The legislature has declared that an appeal taken by the state shall not stay or affect the operation of a judgment in favor of the defendant. NRS 177.130 [now NRS 177.085]. Constitutional provisions forbidding double jeopardy (Nev. Const. Art. 1, § 8; U.S. Const. Amend. V) make it certain that a criminal case is ended when an accused has been acquitted following trial. Kepner v. United States, 195 U.S. 100."

In the case of Nystédt, 79 Nev. 24, 377 P.2d 929 (1965), this court entertained an appeal, pursuant to NRS 177.065 (repeal effective January 1, 1968), by the state, and decided the moot questions that were presented. In that case the constitutionality of NRS 177.065 was not raised. Here the constitutionality of NRS 177.015 has been placed directly in issue.

To the extent that NRS 177.015 attempts to authorize an appeal to obtain the views of this court upon moot questions of law, we find that statute to be unconstitutional. Our appellate jurisdiction in criminal cases does not embrace the resolution of mere moot questions. State v. Warmington, supra. The Supreme Court of the United States in the case of Mills v. Green, 159 U.S. 651 (1895), said: "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter

in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal."

Although it might be desirable, from the viewpoint of the prosecution, to have appellate determination of procedural problems which may arise in cases that end in acquittal, it would be patently unfair to an innocent person. to have his acquittal later beclouded, by an adverse appellate opinion, at a time when he would be helpless to clear the record.

The attempt by the legislature to have this court decide moot questions of law, in criminal cases, following acquittal, is constitutionally impermissible as an enlargement of appellate jurisdiction beyond the constitutional grant of power.

Appeal dismissed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.