HENRY EDMOND SHUFF, APPELLANT, *v.* THE
STATE OF NEVADA, RESPONDENT.

No. 6145

November 2, 1970                    476 P.2d 22

*James D. Santini,* Public Defender, *Robert G. Legakes,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, *Melvyn T. Harmon* and *Addelair D. Guy,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

The appellant was found guilty of second degree murder and sentenced to imprisonment for twenty years.

The state's case rests heavily upon the testimony of Laura Holt, age 7 years, who was an eye witness, although the appellant testified that he had not seen her at the apartment. From Miss Holt's testimony it appeared that the victim was making a telephone call when the appellant entered the apartment. He took the phone away from her and started striking her with his fist and shoving her toward a couch. The victim was struggling to protect herself and screaming "Stop it." When they reached the couch the appellant pulled a knife from his pocket and thrust it into the victim's throat.

According to the testimony of the appellant, he went to a neighbor's apartment to pick up some mail. When he walked into the apartment he found his ex-wife talking on the phone, so he informed her that he wanted to talk to her about their children. He put his hand on her shoulder and started to lead her in the direction of the couch when she pulled a pocket knife

and cut his arm. In the ensuing struggle for the knife, it was thrust into the left side of her neck. The appellant further testified that the victim dropped the knife and that he picked it up and placed it in her hand saying, "Ruth, if that is what you want to do is hurt me with a knife, here, I don't care."; and the victim then crumpled to the floor.

The state introduced into evidence several photographs of the victim and of her wound. One was a colored photograph.

The appellant contends, that over his objection, (1) the trial court erred when it allowed Laura Holt to testify on behalf of the state, and (2) when it admitted into evidence the colored photograph of the victim.

NRS 48.030(2) provides: "The following persons cannot be witnesses: Children under 10 years of age who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly."

At the trial, the court conducted a voir dire examination of Laura Holt outside the presence of the jury. At that time counsel for the appellant and the state, as well as the trial judge, extensively examined Miss Holt with particular emphasis upon her ability to distinguish between the truth and a falsehood, and her ability to tell the truth. After this examination the trial judge concluded that the witness was rather intelligent for her age and did comprehend the nature of the proceeding. He further found that she could differentiate between the truth and a falsehood, and that she possessed the necessary qualifications to testify truthfully and to relate her impressions of the events as they occurred.

The age of a child is not determinative of his competency as a witness, but rather it is his ability to comprehend and truthfully relate the events as he observed them. The age of a witness is but one criteria in the determination of competency. Scott v. State, 72 Nev. 89, 295 P.2d 391 (1956).

When the competency of any witness has been questioned, it is within the discretion of the trial court to consider factors relative to qualification and to determine if such person is competent to testify. This discretion extends likewise to the qualifications of a youthful witness. Williams v. State, 78 Nev. 346, 372 P.2d 462 (1962); Terrible v. State, 78 Nev. 159, 370 P.2d 51 (1962). In Martin v. State, 80 Nev. 307, 393 P.2d 141 (1964), this court announced that in order to determine the competency of a child under 10 years of age the

trial court must examine the child before permitting him to testify.

The appellant contends that Laura Holt should not have been allowed to testify because she was incapable of receiving just impressions and that she could not relate them accurately. These contentions are without merit. NRS 48.030(2) requires only that the youthful witness receive just impressions of the facts and relate them "truly." This means that he must relate his impressions with the knowledge of the difference between the truth and a falsehood, and in the light of that knowledge.

In Terrible v. State, supra, this court said: "In determining whether a child sufficiently can recollect and narrate, the appellate court is not limited by the voir dire examination, but may examine the subsequently given testimony. Subsequently given testimony, if clear, relevant, and coherent, may be used to support the ruling on qualifications."

From the record, it appears that the trial court correctly found that Miss Holt's testimony was clear, relevant and coherent, and that she was capable of receiving just impressions of the facts of the crime and of relating them truly.

In an attempt to establish the incompetency of Laura Holt, the appellant relies on what he claims to be inconsistencies between her testimony at the preliminary examination and at trial, as well as inconsistencies between her testimony and his testimony. Any inconsistencies in her testimony were for the jury to consider and weigh in the light of all the other evidence. As a matter of law the alleged inconsistencies did not render her an incompetent witness.

We now consider the appellant's contention that the trial court erred when it admitted into evidence a colored photograph of the victim's right arm. His primary objection is to the considerable amount of blood shown in the photograph, which he contends had a tendency to inflame the jury. He also asserts that the colored photograph was duplicative and that it was introduced by the state for the sole purpose of inflaming the minds and passions of the jury.

In his testimony the appellant stated that he placed the knife in the victim's hand before she crumpled to the floor. It therefore became very important that the jury be able to see the

position of the knife in the victim's hand. Although, it is true that a black and white photograph, in evidence, did show the victim's right arm and hand, it did not picture the knife with the same clarity found in the colored photograph.

This court was faced with a similar contention in Langley v. State, 84 Nev. 295, 439 P.2d 986 (1968), and it held: "During trial photographs of the scene of the crime, the weapon, and the victim were received into evidence over objection that they would inflame and provoke passion in the minds and hearts of the jurors. The photos apparently were accurate portrayals. Since the purpose of trial is to ascertain and disclose the truth we should not declare inadmissible evidence which is relevant to that purpose and the issues simply because it damages the defense. The photographs were properly admitted."

In Morford v. State, 80 Nev. 438, 395 P.2d 861 (1964), this court said: "In State v. Huff, 14 N.J. 240, 102 A.2d 8, it was held that the fact that the photographs of a murder victim were in color and hence more revolting and gruesome than they would have been otherwise was not a ground for their exclusion. We approve this holding."

The location and position of the knife in the hand of the victim was of great probative value. It was a factor to be considered by the jury in determining whether the victim fell to the floor with the knife in her grasp or whether it was subsequently placed in her hand.

In Walker v. State, 85 Nev. 337, 455 P.2d 34 (1969), this court affirmed the trial court's ruling that allowed certain photographs to be entered because the probative value outweighed the prejudicial effect. In this case the trial court concluded that the probative value of the colored photograph outweighed the prejudicial effect which it might have upon the jury.

The judgment of the district court is affirmed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.