RODNEY L. HALBOWER, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 8885

April 7, 1977                    562 P.2d 485

---

*Chubb & Silverman,* Sparks, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *John L. Conner,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Rodney L. Halbower was convicted by a jury of forcible rape, infamous crime against nature, and infamous crime

against nature with force. He was sentenced to serve two concurrent terms of life imprisonment, plus a term of six years to run consecutively after the completion of the life terms. Two claims of error are asserted. In our view, neither has merit and we affirm each of the convictions.

At 2:20 a.m. on November 27, 1975, the female victim, a "21" dealer, left her place of employment in downtown Reno and began walking home. The defendant grabbed her and forced her into an alley at knifepoint. After being directed to remove her clothes, she was forced to submit to various sexual acts. During the course of these acts, the defendant produced a large salami or bologna which he caused to be inserted in the victim's vagina. Eventually the victim was released. She called the police and the defendant was later apprehended.

Clothing from both the victim and the defendant was preserved for later use as evidence in the case. About thirty days after the crime, a criminalistic technologist employed by the Washoe County Sheriff's Department performed a precipitant test on the victim's underwear. This relatively simple test takes only a few hours. At the trial and without an objection from the defendant, the technologist was permitted to express her expert opinion that the test result was positive for the presence of pork protein on the undergarment.

On the same day that she testified, the technologist performed another precipitant test on the defendant's coat pocket. This was the same coat from which the victim testified the defendant produced the salami. The result of this second precipitant test was also positive for the presence of pork protein. The defendant objected to the introduction into evidence of the result of this second test on the grounds of surprise and prejudice. The trial court overruled the objection and the result of the second precipitant test was also admitted.

Halbower argues that he was deprived of a fair trial because the second precipitant test was not conducted until the last moment, thereby precluding the defendant from investigating the procedure and conducting his own test to determine its accuracy.

The second precipitant test was identical to the one which had been conducted upon the victim's undergarments. Through pretrial discovery of the first test, the defendant was not unaware of the technical procedure that had been employed. The defendant also failed to request a continuance to investigate

the result of the second test. Absent the motion for continuance, a claim of prejudicial "surprise" cannot generally be founded. Garden v. State, 73 Nev. 312, 318 P.2d 652 (1957).

The trial court is at liberty to exclude relevant evidence if it determines that its probative value is substantially outweighed by the danger of the unfair prejudice. NRS 48.035(1). The decision to admit evidence after balancing its prejudice against its probative value is one addressed to the discretion of the trial judge. Martin v. State, 80 Nev. 307, 393 P.2d 141 (1964); State v. Nystedt, 79 Nev. 24, 377 P.2d 929 (1963). Cf. Anderson v. State, 92 Nev. 21, 544 P.2d 1200 (1976). We perceive no abuse of discretion in the admission of the result of the second precipitant test.

Halbower testified in his own defense. Thereupon, for the purpose of attacking his credibility as a witness, the state produced evidence that he had been convicted of a felony on two prior occasions. NRS 50.095. Appellant claims that the prosecutor improperly argued to the jury the evidentiary value of the appellant's prior felony convictions. We need not consider if the remarks were either improper or prejudicial, because the failure of the appellant to move to strike, move for a mistrial, assign misconduct or request an instruction, precludes appellate consideration. Walker v. State, 89 Nev. 568, 516 P.2d 739 (1973). Accord, Hayden v. State, 91 Nev. 474, 538 P.2d 583 (1975); Bonnenfant v. State, 86 Nev. 393, 469 P.2d 401 (1970). Indeed, the trial court correctly instructed the jury on the evidentiary value of the prior felony convictions.[1]

Affirmed.[2]

---

[1]The trial judge, in his written instructions, admonished the jury as follows:

> The fact that a witness had been convicted of a felony, if such be a fact, may be considered by you only for the purpose of determining the credibility of that witness. The fact of such a conviction does not necessarily destroy or impair the witness' credibility. It is one of the circumstances that you may take into consideration in weighing the testimony of such a witness.

[2]MR. JUSTICE ZENOFF voluntarily disqualified himself and took no part in this decision. The Governor, pursuant to Article VI, § 4 of the Constitution, designated District Judge J. Charles Thompson to participate in this case.