An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

HENRY VOGLER,
Appellant,
vs.
STATE OF NEVADA, DEPARTMENT
OF AGRICULTURE AND BOARD OF
AGRICULTURE, AN AGENCY OF THE
STATE OF NEVADA,
Respondents.

No. 62777

**FILED**

APR 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER DISMISSING APPEAL*

This is an appeal from a district court judgment granting declaratory relief. Seventh Judicial District Court, White Pine County; Miriam Shearing, Judge.

Appellant Henry Vogler appeals from a district court judgment granting the State declaratory relief under Section 15.5 of Senate Bill 251 (2011) which required that Vogler resign from all but one of the three state boards on which he served. 2011 Nev. Stat., ch. 480, § 15.5, at 2996. Vogler's terms on these boards have since expired, rendering this appeal moot. *See Personhood Nev. v. Bristol*, 126 Nev. ___, ___, 245 P.3d 572, 574 (2010). Nor are we compelled to consider the appeal under the capable-of-repetition-yet-evading-review exception, *see id.* at ___, 245 P.3d at 574; *State v. Washoe Cnty. Pub. Defender*, 105 Nev. 299, 301, 775 P.2d 217, 218 (1989), because resolution of the controversy

SUPREME COURT
OF
NEVADA

(O) 1947A

14-13025

at issue turns on facts unique to the matter at hand,[1] and both the State and Vogler raise no more than a theoretical possibility that the same controversy will recur.[2] *Murphy v. Hunt,* 455 U.S. 478, 482 (1982); *Sample v. Johnson,* 771 F.2d 1335, 1342-43 (9th Cir. 1985); *Langston v. State, Dep't of Motor Vehicles,* 110 Nev. 342, 344, 871 P.2d 362, 363 (1994).

As we indicated in our February 5, 2014, order, the court recognizes that the State has invested "significant time, money, resources and effort" in this litigation. And Vogler, too, apparently wishes to have this court hear the merits. But we cannot enlarge our jurisdiction "beyond

---

[1]Namely: Vogler's supposed protected interest in his terms of office; the legislative intent behind Section 15.5; the Legislature's alleged discriminatory targeting of Vogler with Section 15.5's enactment; the presence or absence of a "compelling state interest" in enforcing Section 15.5; and an alleged flaw in the enacting bill's title rendering the section void.

[2]Contrary to Vogler's assertions, whether or not Section 6 of Senate Bill 251 remains in existence is irrelevant; the State demanded his removal under Section 15.5. Section 6 was not in issue.

the constitutional grant of power." *State v. Warmington*, 81 Nev. 369, 371, 403 P.2d 849, 850 (1965).

We therefore ORDER this appeal DISMISSED.[3]

_____, C.J.
Gibbons

_____, J.  _____, J.
Pickering           Hardesty

_____, J.  _____, J.
Parraguirre         Douglas

_____, J.  _____, J.
Cherry            Saitta

---

[3]We agree with the State that this dismissal does not render Vogler a prevailing party for attorney fee purposes. *See Chowdhry v. NLVH, Inc.*, 109 Nev. 478, 485-86, 851 P.2d 459, 464 (1993); *see also Nat'l Collegiate Athletic Ass'n v. Univ. of Nev., Reno,* 97 Nev. 56, 58, 624 P.2d 10, 11 (1981) (noting that by dismissing a case for mootness the court is "refus[ing] to determine questions presented ....").

cc: Chief Judge, The Seventh Judicial District Court
Hon. Miriam Shearing, Senior Justice
Smith & Harmer
Attorney General/Carson City
White Pine County Clerk