# IN THE SUPREME COURT OF THE STATE OF NEVADA

JEREMY JAMES TURNER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69444

FILED

FEB 16 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Jeremy James Turner's postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; David A. Hardy, Judge. Turner argues that he received ineffective assistance from his trial and appellate counsel. Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing the court's application of the law to those facts de novo, *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120

17-05661

Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690.

Turner first argues that trial counsel should not have conceded without his consent that he punched the decedent Carolyn Faircloth. A concession of guilt may be a reasonable trial strategy when circumstances dictate. *Armenta-Carpio v. State*, 129 Nev. 531, 535, 306 P.3d 395, 398 (2013). The district court found that three witnesses told police that Turner struck Faircloth, that a witness overheard one of Faircloth's assailants tell her that she should not have attacked "his sister" where Turner was the only person present with a sister involved in the fight, and that Turner equivocally told police that he could not recall whether he hit Faircloth. On this basis, the district court concluded that trial counsel made a reasonable tactical decision to concede the strike and argue that it did not cause Faircloth's death or, alternatively, that Turner's defense of another warranted a lesser manslaughter conviction. Substantial evidence supports the district court's factual findings, and we conclude that Turner has not shown that the district court's findings are not entitled to deference or that counsel's tactical decision was not objectively reasonable under the circumstances. *See Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) ("[T]rial counsel's strategic or tactical decisions will be virtually unchallengeable absence extraordinary

circumstances." (quotation marks and citation omitted)). The district court therefore did not err in denying this claim.[1]

Second, Turner argues that trial counsel should have conducted a more thorough investigation by hearing Turner's version of events before conceding that Turner struck Faircloth. In two police interviews within a day of the incident, however, Turner asserted that he could not remember if he had hit Faircloth. The district court found self-serving and unpersuasive Turner's evidentiary-hearing testimony that he would have told trial counsel that he did not hit Faircloth. Turner has not shown that this finding is not entitled to deference or that his denial would have led counsel to use a different strategy or to a different outcome at trial when Turner was equivocal on the strike shortly after the incident and his later denial was found to be unpersuasive. *See Molina v. State,* 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Accordingly, we conclude that Turner has not shown that trial counsel was ineffective and thus that the district court did not err in denying this claim.

Third, Turner argues that trial counsel should have moved to sever his trial from his codefendant's trial. To successfully seek a

---

[1]To the extent that Turner claims that the concession strategy amounted to ineffective assistance because he was actually innocent, the evidence he enlists as support belies this conclusion: his codefendant's appellate filings inculpate rather than exculpate him, *see Hulsey v. State,* Docket No. 59725 (Appellant's Opening Brief, May 31, 2012); J. Hulsey told police that she closed her eyes and did not know whether Turner hit Faircloth; and G.H. told police that Turner thought he had killed Faircloth immediately after the fight when J. Hulsey drove them away from the scene as police approached. Further, S. Merritt testified that Turner told her on the night of the incident that he had beaten two people to a pulp and that they needed resuscitation.

severance, counsel would have had to establish that a joint trial would compromise a specific trial right or prevent the jury from reliably determining guilt, as where the codefendants have conflicting defenses. *See Chartier v. State*, 124 Nev. 760, 764-65, 191 P.3d 1182, 1185 (2008). None of the arguments now asserted by Turner would have supported a motion to sever in this case. Trial counsel did not to call the codefendant's wife (J. Hulsey) as a witness at trial due to concerns about her credibility and thus the witness's invocation of the spousal privilege during the joint trial did not compromise a specific trial right. Turner's defense did not conflict with that of his codefendant because his trial counsel made a tactical decision to pursue a unified manslaughter defense with the codefendant's counsel. To the extent that Turner asserts that severance was required to avoid a Confrontation Clause violation regarding his codefendant's police statement, his confrontation rights were not implicated because his codefendant's statement did not incriminate or mention Turner. *See Bruton v. United States*, 391 U.S. 123, 126 (1968). A severance motion would have lacked merit, and we accordingly conclude that Turner has failed to show that trial counsel was deficient in failing to so move or that he was prejudiced by its omission. The district court therefore did not err in denying this claim.

Fourth, Turner argues that trial counsel should have called J. Hulsey as a witness. Counsel alone is entrusted with tactical decisions, such as what witnesses to develop. *Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002). The district court found that trial counsel considered J. Hulsey to not be credible where she was directly involved in the fight, transported Turner from the crime scene, and provided inconsistent statements to police. Further, trial counsel was concerned that her

testimony would invite G.H.'s inculpatory testimony. We conclude that substantial evidence supports these findings and that Turner has not shown that these findings are not entitled to deference or that counsel's tactical decision with respect to this witness was not objectively reasonable under the circumstances. *See Lara*, 120 Nev. at 180, 87 P.3d at 530. The district court therefore did not err in denying this claim.

Fifth, Turner argues that trial counsel should not have pursued a unified trial strategy with his codefendant. The district court found that trial counsel made a tactical decision to seek a joint trial when there was substantial evidence that Turner's codefendant kicked Faircloth in the head so that counsel could argue that Turner did not cause Faircloth's death despite having fought alongside his codefendant. The district court found counsel's testimony that Turner approved of the trial strategy was credible. Turner has not shown that these findings are not entitled to deference or that counsel's tactical decision was not objectively reasonable under the circumstances and thus has failed to show that counsel's performance was deficient. We conclude that Turner has failed to show that counsel was ineffective on this ground and that the district court therefore did not err in denying this claim.

Sixth, Turner argues that trial counsel should have investigated more thoroughly the distance between witness F. Bailey's location and the crime scene. The district court found that trial counsel cross-examined Bailey on her ability to see the crime scene and that, in demonstrating obstructions to the line of sight, Turner failed to demonstrate that the distance precluded Bailey's hearing the yelled comments that incriminated Turner. We conclude that Turner has not shown deficiency because trial counsel did cross-examine the witness on

this ground and has not shown prejudice because he has not shown that further investigation would have produced evidence leading to a different outcome. *See Molina*, 120 Nev. at 192, 87 P.3d at 538. To the extent that Turner claims a Confrontation Clause violation, the claim is belied by the record because the witness was cross-examined. The district court therefore did not err in denying this claim.

Seventh, Turner argues that trial counsel should have moved to suppress his police statement because he was intoxicated. A police statement will be inadmissible as involuntarily uttered by reason of intoxication only if the speaker was so intoxicated that he was unable to understand the meaning of his remarks. *Kirksey*, 112 Nev. at 992, 923 P.2d at 1110. Turner made a voluntary statement on the night of the incident and his blood-alcohol content three hours later was 0.116. Turner's responses, however, were cogent, and he appeared to comprehend the sentiments expressed. Further, Turner's statement the following afternoon presented a substantially similar account of the events, further showing that his prior statement was uttered cogently and with comprehension. Accordingly, a suppression motion would have lacked merit, and we conclude that trial counsel was not deficient in omitting it and that Turner was not prejudiced in its omission. The district court therefore did not err in denying this claim.

Eighth, Turner argues that the district court erred in dismissing several of his claims without an evidentiary hearing. Turner fails to identify specific claims that would have entitled him to relief and specific reasons why they were improvidently denied. As he has not presented relevant authority and cogent argument supporting this claim,

we decline to address it. *See Maresca v. State,* 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Ninth, Turner claims that appellate counsel should have challenged the aiding-and-abetting jury instruction because it permitted the jury to find him guilty without specific intent and argued that there was insufficient evidence that he had the specific intent to kill. Although the challenged "natural and probable consequences" language is improper when the crime aided and abetted is a specific-intent crime, *Sharma v. State,* 118 Nev. 648, 654, 56 P.3d 868, 871-72 (2002), second-degree murder is a general-intent crime, *Hancock v. State,* 80 Nev. 581, 583, 397 P.2d 181, 182 (1964), and therefore the instruction properly referenced the "natural and probable consequences" doctrine in relation to second-degree murder.[2] Because the trial court did not abuse its discretion in giving the aiding-and-abetting instruction, *see Crawford v. State,* 121 Nev. 744, 748, 121 P.3d 582, 585 (2005), appellate counsel's failure to challenge the instruction did not amount to ineffective assistance. For similar reasons, appellate counsel was not ineffective in failing to rely on a meritless specific-intent ground when challenging the sufficiency of the evidence to support the second-degree murder conviction. The district court therefore did not err in denying this claim.

Tenth, Turner claims that appellate counsel should have contested the restitution judgment to Renown Hospital, rather than to the person he injured. Turner has not suggested that appellate counsel should have challenged the amount of restitution. Thus, even assuming that

---

[2]The instruction informed the jury that it had to find specific intent to convict Turner of first-degree murder as an aider and abettor.

Turner should have been ordered to pay restitution to the victim rather than the medical care provider, *but see Martinez v. State*, 115 Nev. 9, 11, 974 P.2d 133, 134 (1999), the challenge omitted by appellate counsel would have changed only the identity of the restitution recipient and therefore would not have resulted in any substantive relief from the restitution order. Accordingly, we conclude that Turner was not prejudiced by appellate counsel's omission of this issue. The district court therefore did not err in denying this claim.

Finally, Turner argues that cumulative error compels relief. Even assuming that instances of counsel's deficiency may be cumulated for purposes of establishing prejudice, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Turner failed to identify any instances of deficient performance to cumulate.

Having considered Turner's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                                              Stiglich

cc:  Hon. David A. Hardy, District Judge
     Karla K. Butko
     Attorney General/Carson City
     Washoe County District Attorney
     Washoe District Court Clerk