# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| COREY D. EDWARDS,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 80634 |

**FILED**

SEP 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Cristina D. Silva, Judge. Appellant Corey D. Edwards argues that he received ineffective assistance of counsel. We affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong, but we review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

21-26862

Edwards first argues that counsel should have moved to strike the complaint at the preliminary hearing because it did not adequately state the date of the charged conduct. The complaint initially alleged incidents on August 17, 2017, though the victim testified to incidents occurring on July 15 and 29 and August 17 or 18. At the conclusion of the hearing, the State moved to amend the instrument to conform to the victim's testimony. Edwards has not shown prejudice, as the inaccuracy was cured, the court acted within its discretion in permitting an amendment that did not affect Edwards' substantial rights, and the charging instrument provided adequate notice of the charges notwithstanding the minor deviation in dates. *See* NRS 173.095; *Viray v. State*, 121 Nev. 159, 162-63, 111 P.3d 1079, 1081-82 (2005) (discussing the notice that a charging instrument must provide). The district court therefore did not err in denying this claim.

Edwards next argues that counsel should have sought the victim's SCOPE and Child Protective Services records and should have moved for a psychiatric evaluation of the victim to challenge her competency. Edwards alleges that he told counsel that the victim had mental health issues but has not alleged what specific information discovery of her SCOPE and CPS records would have uncovered that would have been beneficial. Edwards thus has not shown that it was objectively unreasonable for counsel to omit a discovery motion as to these matters or that he was prejudiced by the omission. And Edwards merely speculates and proffers the bare allegation that the victim suffered from mental health issues of such gravity that she lacked competence to testify. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984) (providing that a petitioner must state specific factual allegations entitling him to relief, rather than bare or naked claims). Moreover, the record repels this contention, as the victim testified cogently and consistently regarding the

incidents at both the preliminary hearing and trial. *See id.* at 503, 686 P.2d at 225 (providing that a petitioner must set forth claims that are not belied or repelled by the record); *see also Shuff v. State*, 86 Nev. 736, 738, 476 P.2d 22, 24 (1970) (determining that a witness able "to comprehend and truthfully relate the events" as observed is competent to testify). The district court therefore did not err in denying this claim.

Edwards next argues that counsel should have moved to sever the two battery-domestic-violence charges as they involved separate incidents. These charges were properly joined in a single proceeding because they were based on multiple acts that were connected together as well as part of a common scheme. *See* NRS 173.115(1)(b); *Rimer v. State*, 131 Nev. 307, 321, 351 P.3d 697, 708 (2015). They were connected together as evidence of each would be admissible as other-bad-act evidence because evidence of the batteries was relevant to show Edwards' intent, plan, and absence of mistake. *See* NRS 48.045(2); *Rimer*, 131 Nev. at 322, 351 P.3d at 708-09. Relatedly, the charges were part of a common scheme because each shared a distinctive characteristic in that Edwards strangled the victim after an argument. *See Farmer v. State*, 133 Nev. 693, 699, 405 P.3d 114, 121 (2017). Further, appellant fails to show manifest prejudice compelling severance as each of the charges was strong and consolidating did not bolster a weaker charge. *See Rimer*, 131 Nev. at 324, 351 P.3d at 709-10. Accordingly, a motion to sever would have been futile, and neither was trial counsel deficient nor was Edwards prejudiced by counsel's omitting a futile motion. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). The district court therefore did not err in denying this claim.

Edwards next argues that counsel should have moved to dismiss on the basis of a violation of his Sixth Amendment right to a speedy

trial.[1] Edwards timely requested a trial within 60 days, and the trial was held 32 days after that window. Edwards has not alleged that the delay was presumptively prejudicial, and a delay of just over one month is not sufficient to trigger a more searching speedy trial analysis. *See Doggett v. United States*, 505 U.S. 647, 651-52 & n.1 (1992) (explaining that a constitutional speedy trial claim requires a defendant to allege that delay "has crossed the threshold dividing ordinary from presumptively prejudicial delay," and observing that prejudice is generally presumed after one year (internal quotation marks omitted)); *Byford v. State*, 116 Nev. 215, 230, 994 P.2d 700, 710-11 (2000) (treating the length of the delay as a threshold issue and concluding that a one-year delay was "not extreme, but long enough to conceivably cause prejudice"). Edwards thus has not shown that counsel deficiently omitted a meritorious challenge or that he was prejudiced by its omission. The district court therefore did not err in denying this claim.

Edwards next argues that counsel should have requested an evaluation of his competency to stand trial, noting diagnoses for schizophrenia and depression. Edwards, however, merely speculates that he *might* have lacked competence to stand trial. He has not carried his burden of showing a reasonable probability of a different outcome had

---

[1]Edwards does not assert a claim arising from Nevada's speedy trial statute, NRS 178.556. Further, Edwards has not shown that counsel deficiently omitted a meritorious challenge on this basis, as Edwards has not shown that the district court would have exercised its discretion to dismiss the case given that he did not show that the delay prejudiced him and the State could show good cause for the delay in defense counsel's scheduling conflict and request to obtain delayed preliminary hearing transcripts. *See Meegan v. State*, 114 Nev. 1150, 1154, 968 P.2d 292, 294 (1998) (stating standards for a statutory speedy trial claim), *abrogated on other grounds by Vanisi v. State*, 117 Nev. 330, 22 P.3d 1164 (2001).

counsel sought a competency evaluation. The district court therefore did not err in denying this claim.

Lastly, Edwards argues that counsel should have filed several motions to preserve issues for appeal. Edwards has not articulated why omitting such motions constituted deficient performance or argued that their omissions prejudiced him. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984) (providing that a petitioner must state specific factual allegations entitling him to relief, rather than bare or naked claims). The district court therefore did not err in denying this claim.[2]

Having concluded that Edwards is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Hardesty

_____, J.          _____, Sr.J.
Stiglich                      Gibbons

cc:     Hon. Cristina D. Silva, District Judge
        Allen Lichtenstein
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[2]We decline to consider Edwards' *Brady* claim that he raises for the first time in his reply brief. NRAP 28(c); *Talancon v. State*, 102 Nev. 294, 302 n.4, 721 P.2d 764, 769 n.4 (1986).

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.