THE STATE OF NEVADA EX REL. D. M. BULL, RESPONDENT, *v.* JOHN SNODGRASS *et als.*, APPELLANTS.

CONSTITUTIONAL CONSTRUCTION—OFFICE OF JUSTICE OF THE PEACE. Under the Constitution (Art. VI, Sec. 8) the legislature alone can determine the number of justices of the peace for each township, and the office must be filled by popular election; so that the Act of March 5, 1867, (Statutes of 1867, 87) providing for the appointment of additional justices of the peace by the County Commissioners in certain cases is unconstitutional.

LEGISLATIVE POWER AS TO OFFICE OF JUSTICE OF THE PEACE. Although the power may exist in the legislature to provide otherwise than by election for the filling of the office of justice of the peace in case of emergency or special occasion, such as a vacancy, or the creation of a new office, it cannot delegate the power to determine the number of justices for the townships, nor can it provide that the office is to be filled under general laws otherwise than by popular election.

APPEAL from the District Court of the Third Judicial District, Washoe County.

This was a *certiorari* sued out of the District Court by D. M. Bull, who describes himself as a resident and tax-payer of Justice Judicial District, No. 11, in Washoe County, against John Snodgrass, A. C. Cleaveland, and —— Frost, composing the Board of County Commissioners of Washoe County, to bring up their proceedings in the appointment of F. M. Willis, as a Justice of the Peace of said district, for review. It appeared on the hearing that the Commissioners had made the appointment in pursuance of "An Act authorizing the County Commissioners of the several counties in this State to appoint additional Justices of the Peace,"

approved March 5, 1867. The District Court decided that the statute was unconstitutional, and all the proceedings of the defendants purporting to be had under its authority void.

*Boardman and Kennedy* and *William Webster*, for Appellants.

*J. H. Flack* and *H. B. Cossett*, for Respondent.

By the Court, WHITMAN, J.

The defendants appeal from the judgment of the District Court, annulling their action in appointing an additional Justice of the Peace for township eleven in Washoe County, under the provisions of the statute of the State of Nevada, entitled, "An Act authorizing the County Commissioners of the several counties in this State to appoint additional Justices of the Peace," approved March 5th, 1867. This is the language of the Act: " Whenever a majority of the tax-payers of any township in any county of this State shall petition to the Board of County Commissioners for the appointment of an additional Justice of the Peace for such township, the Commissioners of said county having jurisdiction of such township shall, and they are hereby authorized to make such appointment, and to require the necessary bond as provided by law." In the Act relating to officers, etc., (Statutes 1866, Section 18) it is provided that for each township of every county " one Justice of the Peace shall be elected."

The Constitution of the State, Art. VI, Sec. 8, declares that : " The Legislature shall determine the number of Justices of the Peace to be elected in each city and township of the State, and shall fix by law their powers, duties, and responsibilities."

The necessary inference from, if not the direct meaning of, this language is that the office of Justice of the Peace is elective, and the Legislature is commanded to determine the number of Justices to be elected. Such determination is then of the purely law-making power which cannot be delegated.

All political power is primarily with the people, and leaves them only by force, fraud, or their own consent. In this State the people have ordained that the law-making power be vested in the Senate and Assembly, chosen in manner provided and under certain

restrictions, and there such power must rest until removed by the same supreme will which placed it. This power can only be exercised by the legislative branch of the Government, and when as in this case the Constitution has clearly declared that the Legislature shall do a certain thing, that thing must be done as the Constitution has said.

In the statute under which appellants acted something different is attempted. The Legislature has otherwheres provided for the election of one Justice of the Peace for each township. This statute empowers a majority of the tax-payers of every township in the State to determine the number of Justices therein, providing that upon their petition an additional Justice may be appointed by the County Commissioners. This as a general law without limitation of the term of appointment.

The statute is repugnant to the Constitution on two grounds. First—The Legislature must determine the number of Justices for each township. Second—Such Justices must be elected ; that is, while possibly the power exists, not being prohibited, to provide otherwise for emergency or special occasion, as in the case of a vacancy or the creation of a new office, the office is always to be filled under general laws by popular election, all of which the statute relied on by appellants ignores.

The judgment of the District Court was correct and is affirmed.