[Ex parte Amos.]

## *Ex parte* Amos.

*Petition for Mandamus to Circuit Judge, in Matter of Appointment of Attorney as Special Judge.*

1. *Revised Code; how far of force.* — The Revised Code, as a whole, has never been adopted by the present government of the State; only such laws and parts of laws therein contained as are not in conflict with the constitution and laws of the United States, or with the constitution of this State, have been "continued in force."

2. *Constitutional provisions as to election of judges.* — Since the constitution provides that all judicial officers shall be elected by the people (Art. VI. § 11), the legislature cannot, by statute, prescribe any other mode, which shall be compulsory on the parties, for the selection or appointment of a special judge, on account of the incompetency of the presiding judge from interest or relationship.

3. *Incompetency of presiding judge; nomination of attorney as special judge.* — The statute which provides that, when the presiding judge of the circuit court is incompetent, from any cause, to sit on the trial of any case, "the parties to the suit must, when the same is reached for trial, nominate some attorney present in court, who must preside as judge for the trial of such cause during that term; and if the parties fail promptly to make such selection, the clerk of the court must nominate the attorney," &c. (Rev. Code, § 758), is not obligatory upon the parties, the clerk, or the judge, if one of the parties objects; but, if both parties consent to the appointment of an attorney in such case, he may act as a *quasi* court of arbitration, and an appeal will lie from his award or judgment.

APPLICATION by petition, by James M. Amos, for a writ of *mandamus* to the Hon. WM. H. SMITH, the judge of the tenth

judicial circuit, to compel the nomination of an attorney, as special judge, to preside on the trial of a certain cause pending in the circuit court of Randolph, in favor of the petitioner, and against one Jenkins Bennett, involving the right to the office of sheriff of said county. It appears from the bill of exceptions, which is made an exhibit to the petition, that when said cause was reached on the trial docket, the presiding judge stated that he was incompetent to sit in the case, having been of counsel for the defendant before he was appointed the judge of the court. Thereupon, the plaintiff proposed that the parties should select an attorney present in court, to preside as special judge; but the defendant would not consent to this. "The plaintiff, by his counsel, then proposed that the clerk of the court nominate an attorney to preside over and try said cause at the present term; to which the defendant objected, and the objection was sustained by the presiding judge, who refused to permit the clerk to nominate an attorney to try said cause, and refused to retire from the bench, or to permit an attorney, nominated by the clerk, to preside as judge, and try said cause," &c., to which the plaintiff excepted.

JNO. T. HEFLIN, for the petitioner. — There is no constitutional inhibition on the power of the legislature to provide for the trial of causes in which the presiding judge is incompetent to sit; and public necessity demands that this power should be exercised by the legislature, to prevent a failure of justice. The validity of the statute has been approved by the practice of the lower courts, and has never been questioned by this court. *Ala. & Fla. Railroad Co.* v. *Burkett,* 42 Ala. 83. The constitutionality of similar statutes has been frequently sustained. *Henderson* v. *Pope,* 39 Geo. 361; *Brown* v. *Buzan,* 24 Indiana, 194; *Grinstead* v. *Buckley,* 22 Miss. 148.

WM. H. SMITH, *pro se,* submitted a written argument, as a part of his answer to the rule *nisi* which had been served upon him, contending — 1st, that the statute providing for the appointment of an attorney as special judge, if it could be regarded as compulsory, was unconstitutional, because the attorney was not elected by the people, and was not under the sanction of an official oath; 2d, that, if the law was valid, the record showed a failure of duty on the part of the clerk only, and not on the part of the presiding judge, who was not competent to take any official action in the cause; and 3d, that a *mandamus* was not the proper remedy, since the term of the circuit court had passed, and this court could not know, or presume, that the same judge would preside at the next term.

VOL. LI.

[Ex parte Amos.]

PETERS, C. J. — This application involves the construction of section 758 of the Revised Code, and a consideration of its validity under the present constitution of the State. The state constitution creates the state government, and it is wholly an instrument of limitations. The officers of the government thus instituted are the agents of the people, to execute its powers, and the constitution is the warrant and the limit of their authority. Smith's Comm. on Stat. & Const. Constructions, p. 443 §§ 294 *et seq.* The Revised Code has never been adopted by the present government of the State, under the present constitution, as a whole ; only such laws and parts of laws, as do not conflict with the constitution and laws of the United States, or with the constitution of this State, have been continued in force. See Acts 1868, p. 7.

The section of the Code referred to is in these words : " 758. When any judge of the circuit court is incompetent to try any case standing for trial, by reason of relationship to parties, or of having been engaged as counsel in the cause, or for any other reason, the parties to the suit must, when the same is reached for trial, nominate some attorney present in court, who *must preside as judge for the trial of such cause,* during that term ; and if the parties fail promptly to make such selection, the clerk of the court must nominate the attorney, who shall preside over and try the cause at that term." This law clearly makes the attorney, who presides at the trial thus appointed to be had, a " judge for the trial of such cause during that term." Then, he would have all the authority to manage and conduct the trial, according to the practice of the court, and enter on the minutes of the court such judgment as he may determine upon and consider, as a judge of the circuit court would be bound to do. It seems to me that no other logical inference can be drawn from the purpose and language of the law. Then, the question arises, can such a *judge,* under the present constitution, be created by the act of one of the parties to the suit, in opposition to the will of the other party, or by act of the general assembly of the State ? This inquiry must be answered from the constitution itself. This instrument declares, that the judicial power of the State shall be vested in certain named officers, who are specially designated, and in " such persons as may be by law invested with powers of a judicial nature." Const. Ala. Art. VI. § 1. After creating the courts of the state government, the constitution directs, that the judge of these courts, except " notaries public," shall be elected by the people ; and it also prescribes by whom vacancies shall be filled in the offices thus established. Const. Art. VI. §§ 11, 13. It is nowhere permitted to the legislature to elect or appoint any judicial officer or officers of the State, or to fill any vacancy in

any judicial office.   Nor is the legislative body empowered to authorize any person to discharge any of the duties of a judge of the circuit court.   Such officer can only be elected by the people, or appointed to fill a vacancy by the governor, as directed in the constitution as above cited.   *State, ex rel. Bull,* v. *Snodgrass,* 4 Nev. 524.   A judge of the circuit court, with compulsory powers to hear and determine causes pending in a circuit court of this State, can only be created by election or appointment in the manner prescribed by the constitution of the State.   Const. Ala. 1867, Art. VI. § 11. ;   Acts Ala. 1870 –1871, p. 17.   It follows from this, that section 758 of the Revised Code is unconstitutional, and void as an authority to compel the trial of a cause pending in a circuit court in, the manner prescribed by said section, if either party to such a suit objects to such a trial.   *Ex parte Roundtree,* at the present term.

But this section of the Code authorizes the parties to the suit, when there is no objection, and the parties consent to it, to adjudicate the suit under the provision of said section as in a court of *quasi* arbitration ; and from the award or judgment of such tribunal an appeal may be taken to the supreme court. *Alabama & Florida R. R. Co.* v. *Burkett,* 42 Ala. 83.

For the reasons above stated, a circuit judge, who refuses to enforce the remedy under said section 758 of the Revised Code, will not be forced to do so by a *mandamus.*

The application is denied, with costs.