BAXTER BOULET dba SULTAN'S PALACE MASSAGE PARLOR, Appellant, v. THE CITY OF LAS VEGAS, a Municipal Corporation; THE BOARD OF CITY COMMISSIONERS, of Las Vegas, Nevada, WILLIAM BRIARE, Mayor of the City of Las Vegas and Chairman of Said Board, and ROY WOOFTER, MYRON LEAVITT, RON LURIE and PAUL J. CHRISTENSEN, Constituting the Members of Said Board; and ILA BRITT, Director of the Department of License and Revenue of the City of Las Vegas, Respondents.

Nos. 9100, 10554

July 29, 1980                                    614 P.2d 8

*Patrick R. Doyle,* Las Vegas, for Appellant.

*M. H. Sloan,* City Attorney, and *James P. Sitter,* Deputy City Attorney, Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Pursuant to this Court's order, the parties have submitted affidavits and memoranda addressing the question whether these two license revocation cases should now be considered moot. The relevant facts are not in dispute.

On August 17, 1976, the Las Vegas City Commission revoked appellant's business license. Appellant's petition for a writ of certiorari was denied by the district court on September 13, 1976. An appeal was filed (No. 9100). On October 14, 1976, this Court stayed the revocation pending disposition of the appeal. Though appellant was required by law to pay to the city a semi-annual license fee due on October 1, 1976 and on April 1, 1977, *see* L.V.C.C. 5-1-3(A), 5-1-12, 5-29-12, 5-29-25, and 5-29-34(A), no such payments were made.

On July 8, 1977, the Commission revoked appellant's business license a second time. On September 22, 1977, the district court denied appellant's petition for a writ of certiorari. After an appeal was filed (No. 10554), these two cases were consolidated.

Subsequent to the filing of these appeals, appellant permitted the lease for the premises covered by his business license to expire. *See* L.V.C.C. 5-1-3(B), 5-29-4, 5-29-9, 5-29-21, and 5-29-22. He has apparently left the Las Vegas area. He no longer desires to operate a massage establishment in Las Vegas. He has not paid the semi-annual license fees due and owing the city. Under these circumstances, these two license revocation cases are moot.

This Court shall not render opinions on moot or abstract questions. Nev. Const. art. 6, sec. 4; Miller v. West, 88 Nev. 105, 109-10, 493 P.2d 1332, 1334-35 (1972). We will decide only actual controversies, in which the parties are adverse and the issues ripe. *Id*. Here, appellant's failure to pay the required semi-annual license fee, *see* L.V.C.C. 5-1-12 and 5-29-12, the expiration of appellant's lease, *see* L.V.C.C. 5-29-21 and 5-29-22, and appellant's decision not to continue his operation of a massage establishment in Las Vegas, prevent this Court from rendering a judgment which would affect the legal rights of the parties.

Moreover, it has long been established that an appeal from a license revocation is moot if the license would have expired for reasons independent of the administrative tribunal's actions. Security Life Ins. Co. v. Prewitt, 200 U.S. 446 (1906); State v. Superior Court for Thurston County, 41 P.2d 155 (Wash. 1935); Yent v. State, 63 So. 452 (Fla. 1913). Here, appellant's failure to pay the required semi-annual license fee caused his license to expire by operation of law. L.V.C.C. 5-1-12, 5-29-12.

Nor can we say that counsel's allegations of possible, future "collateral consequences"[1] convert these cases into actual controversies. A civil case will not be considered moot if an

---

[1] Counsel has alleged that, at some unspecified time in the future, appellant may decide to return to Nevada, that appellant may then decide to engage in an occupation requiring licensing, and that the licensing board may deny the license because of the instant revocations.

aggrieved party diligently and actively seeks relief from discernible and substantial consequences flowing from a lower tribunal's judgment. *Compare* Robinson v. Rodgers, 481 F.2d 1110 (D.C. Cir. 1973) *with* In re Ballay, 482 F.2d 648 (D.C. Cir. 1973). By contrast, the appellant here has not been diligent in attempting to retain or preserve his business license; nor are counsel's allegations of "collateral consequences" sufficiently substantial or immediate to warrant relief at this time.

Finally, we cannot agree with appellant's counsel that the proper remedy is to vacate the judgments of the district court while dismissing the appeals. This discretionary remedy may not be invoked by a party which has slept on its rights. United States v. Munsingwear, 340 U.S. 36, 41 (1950).

For these reasons we dissolve the previously granted stay in case no. 9100, and order that cases no. 9100 and no. 10554 be dismissed.