STEVEN H. APPLEBAUM, Appellant, *v.* GERALDINE APPLEBAUM, Respondent.

No. 10886

January 13, 1981                         621 P.2d 1110

*Orin G. Grossman,* Las Vegas, for Appellant.

*James H. Bilbray,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This appeal is taken from an order reducing arrearages to judgment entered by the district court on February 13, 1978.[1] Appellant contends that the granting of the order was error because the total amount he was ordered to pay was not at that time due and owing.

The Applebaums were divorced in 1972, remarried in 1973 and divorced again in 1976. In 1977, we decided Applebaum v. Applebaum, 93 Nev. 382, 566 P.2d 85. There we affirmed the trial court's finding that the parties' 1972 property settlement agreement was valid. We also affirmed the trial court's finding that Geraldine had excused Steven from the payment of sums due under the 1972 agreement during the second marriage. In the 1976 decree the trial court ordered Steven to pay Geraldine the $9,000 due under the 1972 agreement "forthwith".

_____

[1]The order required Steven (appellant) to pay $9,000, together with interest thereon, with attorney fees of $500.

Appellant's counsel, at oral argument, admitted that the entire amount awarded in the 1978 judgment is now due and owing to the respondent.[2] For this reason, we need not address the merits of this appeal. This court will not render advisory opinions on moot or abstract questions. Decisions may be rendered only where actual controversies exist. Nev. Const. art. 6 § 4; Boulet v. City of Las Vegas, 96 Nev. 611, 614 P.2d 8 (1980). The judgment for arrearages and interest on those arrearages to February 13, 1978, is affirmed.

The part of the order reducing arrearages to judgment for amounts not due and owing as of February 13, 1978, is reversed and remanded. Upon remand, the district court shall recompute and award interest pursuant to the payment schedule provided for in the 1972 agreement[3] on the balance owing to respondent but unpaid.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and MOWBRAY, JJ., and YOUNG, D. J.,[4] concur.

---

[2]Despite this admission, the appellant is asking this court to permit him to return to the periodic payment schedule provided for in the 1972 agreement. Since the entire amount is now due and owing, this claim is without merit.

[3]The 1972 agreement provided for payments of $1,000 due on the 15th day of every fourth month, commencing on January 15 (of each year).

