MELANIE MARIE LANGSTON, Appellant, v. THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES, Respondent.

No. 24261

March 30, 1994                    871 P.2d 362

John G. Watkins, Las Vegas, for Appellant.

Frankie Sue Del Papa, Attorney General, and Laurie B. Foremaster, Deputy Attorney General, Carson City, for Respondent.

# OPINION[1]

*Per Curiam:*

This is an appeal from an order of the district court denying appellant's petition for judicial review and affirming the appeals officer's decision to revoke appellant's driver's license. The state has filed a motion to dismiss this appeal as moot.

The state contends that this appeal is moot because the period of revocation of appellant's driver's license has expired. Thus, argues the state, this court is unable to grant appellant any effective relief. *See* NCAA v. University of Nevada, 97 Nev. 56, 624 P.2d 10 (1981).

Appellant presents four arguments as to why this court should not dismiss her appeal as moot. Appellant first argues that this court should not dismiss her appeal because collateral consequences exist from the revocation of her driver's license. As collateral consequences, appellant lists the following: (1) the requirement of filing an SR-22 form at a cost of "thousands of dollars"; (2) enhancement of the revocation period for subsequent revocation actions; (3) loss of entitlement to a restricted license for subsequent revocation actions; (4) taking the written and driving examinations; (5) license reinstatement fees; (6) a minimum of thirty days jail time if appellant drives before reinstatement. Appellant provides no authority for the existence of any of these alleged collateral consequences. We conclude that none of these collateral consequences are of sufficient signifi-

---

[1]This appeal was previously dismissed in an unpublished order of this court. Pursuant to the request of counsel for respondent The State of Nevada, Department of Motor Vehicles, we have determined that our decision should be issued in a published opinion. Accordingly, we issue this opinion in place of our order dismissing this appeal filed on November 4, 1993.

cance to create a substantial controversy. We note specifically that the requirement under NRS 483.525 that appellant provide proof of financial responsibility before the department of motor vehicles can restore her driver's license does not differ significantly from the requirement placed on all Nevadans.

Appellant next argues that her case is "capable of repetition, yet evading review," and therefore falls within an exception to the mootness doctrine. If an issue is capable of repetition, yet will evade review, the issue will not be treated as moot. *See* Southern Pacific Terminal Co. v. ICC, 219 U.S. 498 (1911). In the instant case, the issues raised by appellant are factually specific to her case and are therefore not of the character considered capable of repetition. *See* DeFunis v. Odegaard, 416 U.S. 312 (1974); Roe v. Wade, 410 U.S. 113 (1973).

Appellant's two final arguments are that the statutory scheme for judicial review of a driver's license revocation violates due process and that the term "risk to the public" in NRS 233B.140(3)(b) is unconstitutionally void for vagueness. Appellant makes no attempt to explain how these contentions relate to the mootness issue, and did not raise these issues in her opening brief. Appellant cannot now raise new issues in an attempt to avoid dismissal for mootness.

Based on the foregoing, we conclude that this court is unable to grant appellant any effective relief, and that appellant's case is moot. Accordingly, we grant the state's motion, and we dismiss this appeal.[2]

---

[2]We deny as moot respondent's alternative motion for an extension of time within which to file the answering brief.