An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM POJUNIS,
Appellant,
vs.
MOISES DENIS; THE PUBLIC
UTILITIES COMMISSION OF
NEVADA; AND THE STATE OF
NEVADA ON RELATION OF THE
PUBLIC UTILITIES COMMISSION OF
NEVADA,
Respondents.

No. 60554

**FILED**

DEC 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing as moot a complaint for declaratory and injunctive relief. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant William Pojunis sued respondent Senator Moises Denis, who worked for an executive agency (the respondent Public Utilities Commission (PUC)) while serving in the Legislature. Pojunis alleged that Denis's simultaneous service violated the separation-of-powers clause of the Nevada Constitution and asked that Denis be ousted from his position at the PUC and denied any compensation stemming from his allegedly unconstitutional employment there. Denis subsequently resigned from the PUC and the district court dismissed the case as moot. Pojunis appealed. We review de novo. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008).

Pojunis lacks standing to request the disgorgement of benefits paid and owed to Denis because, even assuming that taxpayer standing is available in Nevada, his request would unwind the state's previous

14-40964

expenditures, relief not available in this setting. *See Dewhurst v. Hendee*, 253 S.W.3d 320, 332 (Tex. App. 2008) (stating that "it is well-established that taxpayers have standing only to challenge *prospective* state expenditures, but do not have standing to complain of public funds that have already been spent").

As to Pojunis's request to enjoin Denis's continued employment with the PUC, if in fact Pojunis had standing to request such relief in the first instance, his request was rendered moot when Denis resigned. *Elley v. Stephens*, 104 Nev. 413, 416, 760 P.2d 768, 770 (1988); *see also Personhood Nev. v. Bristol*, 126 Nev. ___, ___, 245 P.3d 572, 574 (2010). And because (1) resolution of the controversy turns on unique facts, *see State v. Evans*, 735 P.2d 29, 33 (Utah 1987) (holding that the constitutionality of simultaneous service in two branches requires an examination of the "nature and scope" of the respective job duties); (2) Pojunis has not demonstrated that Denis's allegedly wrongful behavior could reasonably be expected to recur; and (3) Pojunis lacks standing to challenge the only discernable and substantial consequences flowing from the district court's judgment (Denis's retention of salary and benefits), no exception to mootness applies. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (holding that the voluntary cessation exception is inapplicable, where a defendant's "allegedly wrongful behavior could not reasonably be expected to recur"); *Langston v. State, Dep't of Motor Vehicles*, 110 Nev. 342, 344, 871 P.2d 362, 363 (1994) (holding that a case that turns on unique facts does not fall within the capable-of-repetition-yet evading review exception to mootness); *Boulet v. City of Las Vegas*, 96 Nev. 611, 613-14, 614 P.2d 8, 10 (1980) (holding that the collateral consequences exception applies where an appellant seeks

relief from "discernible and substantial consequences flowing from a lower tribunal's judgment").

Thus, the district court reached the right result, if for a reason slightly different from that cited as the basis for its decision. *Las Vegas Convention & Visitors Auth. v. Miller*, 124 Nev. 669, 689 n.58, 191 P.3d 1138, 1151 n.58 (2008). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                          Hardesty

_____, J.          _____, J.
Parraguirre                                       Douglas

_____, J.          _____, J.
Cherry                                             Saitta

cc:   Hon. James Todd Russell, District Judge
      NPRI Center for Justice and Constitutional Litigation
      Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP/Las Vegas
      Public Utilities Commission of Nevada
      Jan Cohen
      Attorney General/Carson City
      Carson City Clerk