An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JESSIE WILSON HOLDER, AN INDIVIDUAL,
Appellant,
vs.
SHELLY M. SHELTON,
Respondent.

No. 67031

FILED

DEC 3 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER DISMISSING APPEAL

This is an appeal from a district court declaratory judgment in an election law action. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

In August 2014, respondent Shelly M. Shelton filed a complaint for declaratory and injunctive relief challenging appellant Jesse Wilson Holder's eligibility to run for state Assembly based on his alleged nonresidency within the appropriate district. Ultimately, Holder failed to appear at the hearing, and as a result, the district court found that Holder filed a false statement of residency and declared him ineligible to run in the 2014 election. The 2014 election was held in November, and Holder was defeated.

Meanwhile, Holder timely appealed the district court's order, seeking reversal of the summary declaratory judgment and to remand the case for a hearing on the merits. Noting that the election was over and that it appeared that this court could not therefore grant effective relief, we ordered Holder to show cause why the appeal should not be dismissed

SUPREME COURT
OF
NEVADA

(O) 1947A

15-40054

as moot. Holder timely responded, asking this court to decide the appeal, and Shelton has submitted a pro se reply.[1]

Having considered Holder's response and Shelton's reply, we conclude that this appeal is moot. This court has a duty "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles of law which cannot affect the matter in issue before it." *Univ. & Cmty. Coll. Sys. of Nev. v. Nevadans for Sound Gov't*, 120 Nev. 712, 720, 100 P.3d 179, 186 (2004) (quotation marks omitted); *see Boulet v. City of Las Vegas*, 96 Nev. 611, 613, 614 P.2d 8, 9 (1980) (explaining that this court decides appeals only when doing so affects the legal rights of the parties). As noted in the order to show cause, whether Holder resided in the district for the requisite period for purposes of determining his eligibility to apply for and hold office is no longer relevant, as he did not win the election and there is no allegation that Shelton is ineligible to hold the office. Further, Holder's opening brief indicates that he no longer resides at the address listed on his declaration of candidacy, which was that of a friend. As a result, this particular residency issue is moot, and any future residency issue would involve different facts. *See, e.g., Bell v. Eagerton*, 908 So. 2d 204 (Ala. 2002) (recognizing that a disqualified candidate's appeal was rendered moot by an election).

Nevertheless, Holder argues that the appeal should not be dismissed because the district court's judgment damages his reputation

---

[1]The clerk of this court shall file Shelton's October 14, 2015, reply.

and impacts his future political aspirations.[2] Holder states that he plans to run for office again next year, and thus he will be "severely prejudiced" if the judgment is allowed to stand. Some courts have found an otherwise moot appeal justiciable under the collateral consequences doctrine, which provides that an appeal is not moot when consequences, sufficiently concrete, are likely to arise from the adverse judgment. *In re Giles*, 657 P.2d 285, 286 (Utah 1982); *see Knight v. State*, 116 Nev. 140, 143-44, 993 P.2d 67, 70 (2000) (concluding that the satisfaction of a fine or completion of a sentence typically does not render moot an appeal from a criminal conviction due to the consequences flowing from the conviction). This court has not expressly adopted the doctrine for civil cases, *but see Boulet*, 96 Nev. at 613-14, 614 P.2d at 10 ("A civil case will not be considered moot if an aggrieved party diligently and actively seeks relief from discernible and substantial consequences flowing from a lower tribunal's judgment."), and here, Holder has not alleged a discernable and substantial legal consequence sufficient to overcome the mootness doctrine. *See id.* at 613, 614 P.2d at 9 (explaining that this court decides appeals only when doing so affects the *legal* rights of the parties); *Towner v. Ridgway*, 272 P.3d 765, 769 (Utah Ct. App. 2012) (dismissing an appeal from a civil stalking injunction as moot after noting that alleged harm to reputation, family

___

[2]Holder also argues that the issue is one capable of repetition, yet evading review. While it is true that the duration of election matters, including this one, is typically short, this matter presents facts unique to Holder and thus of little statewide importance; consequently, the exception is inapplicable. *See Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) (explaining that the court may consider an otherwise moot issue when a matter of widespread importance is capable of repetition, yet evading review).

Supreme Court
OF
Nevada

(O) 1947A

3

relationships, and employment prospects are not collateral consequences "imposed by law" giving rise to a controversy (quotation marks omitted)). Accordingly, this appeal is moot, and we

ORDER this appeal DISMISSED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Michael Villani, District Judge
     Canon Law Services, LLC
     Shelly M. Shelton
     Eighth District Court Clerk