# IN THE SUPREME COURT OF THE STATE OF NEVADA

MATTHEW FRAUENFELD,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
KERRY LOUISE EARLEY, DISTRICT
JUDGE,
Respondents,
and
THE STATE OF NEVADA
DEPARTMENT OF MOTOR VEHICLES,
Real Party in Interest.

No. 70370

FILED

MAY 2 3 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION FOR
## WRIT OF MANDAMUS OR PROHIBITION

This original petition for a writ of mandamus or prohibition challenges the district court's refusal to expedite a petition for judicial review of a driver's license revocation on the ground that the revocation period will expire on May 30, 2016, arguably rendering the proceedings moot under *Langston v. State, Department of Motor Vehicles*, 110 Nev. 342, 871 P.2d 362 (1994).

Having reviewed petitioner Matthew Frauenfeld's petition and appendices, as well as real party in interest State of Nevada, Department of Motor Vehicles' answer thereto, we conclude that our extraordinary intervention is not warranted. NRS 34.160 (mandamus is available to compel a legally required action); NRS 34.320 (prohibition is available to arrest acts taken in excess of jurisdiction); *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (noting that the petitioner bears the burden of demonstrating that extraordinary relief is

warranted). In particular, Frauenfeld challenged his license revocation in a full evidentiary hearing before an administrative law judge and has alleged no violation of that process. Although he asserts that his case cannot receive full judicial review without expediting that procedure, he has not demonstrated that this interferes with his constitutional right to due process. *See State, Dep't of Motor Vehicles & Pub. Safety v. Root*, 113 Nev. 942, 947, 944 P.2d 784, 787 (1997); *see also Mackey v. Montrym*, 443 U.S. 1, 11, (1979) (discussing due process rights with respect to driver's license revocation procedures); *Carroll v. Dep't of Emp't Sec.*, 907 N.E.2d 16, 23 (Ill. App. Ct. 2009) ("There is no constitutional due process right to judicial review of an administrative decision.").

Further, NRS 233B.133(6) provides that "[t]he court, for good cause, may extend the times allowed in this section for filing memoranda." Frauenfeld has not shown that the briefing deadlines set forth in NRS 233B.133 are necessarily subject to shortening as well as extension, despite the statute's failure to so state. *See In re Estate of Prestie*, 122 Nev. 807, 814, 138 P.3d 520, 524 (2006) ("We have previously recognized the fundamental rule of statutory construction that the mention of one thing implies the exclusion of another." (internal alterations and quotation marks omitted)); *Waite v. Burgess*, 69 Nev. 230, 233-34 245 P.2d 994, 996 (1952) (indicating that the legislature may set fixed time limits for individuals' actions but not for the actions of courts); *cf. Urshan v. Musicians' Credit Union*, 15 Cal. Rptr. 3d 839, 843-44 (Ct. App. 2004) (noting that courts do not have authority to shorten statutory minimum notice periods for summary judgment hearings).

Finally, we are not convinced that the future deprivation alleged—Frauenfeld's inability to pursue his challenge to the

administrative decision and revocation after the revocation period's expiration—will necessarily come to pass. In *Langston*, we concluded that the expiration of the driver's license revocation period rendered the appeal moot. 110 Nev. at 343-44, 871 P.2d at 363. In that case, however, the appellant had not cogently argued that a collateral consequence exception applied and we concluded that the capable-of-repetition-yet-evading-review exception did not apply because the issues were factually specific to the appellant. *Id.* Here, it is unclear whether any exceptions to the mootness doctrine might apply. Therefore, we

ORDER the petition DENIED.

_____ , J.
Hardesty

_____ , J.
Saitta

_____ , J.
Pickering

cc:  Hon. Kerry Louise Earley, District Judge
The Hayes Law Firm
Attorney General/Carson City
Attorney General/Las Vegas
Eighth District Court Clerk