# IN THE SUPREME COURT OF THE STATE OF NEVADA

WASHOE COUNTY DISTRICT
ATTORNEY'S OFFICE, FAMILY
SUPPORT DIVISION
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
DAVID HUMKE, DISTRICT JUDGE,
Respondents,
   and
CHRISTINE N. DIAZ; AND LUIS A.
DIAZ,
Real Parties in Interest.

No. 70371

FILED

FEB 24 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DENYING PETITION

This case comes before the court on the petition of Washoe County District Attorney's Office, Family Services Division (Washoe County) for a writ of prohibition or mandamus. In its petition, Washoe County challenges the district court's order to the extent it recalculates an in-gross child support order retroactive to the date of emancipation of one of the children, rather than the date of filing of the request to amend the order. The conflict arises at the intersection between NRS 125B.140(1)(a), which provides that a child support order "may not be retroactively modified or adjusted," and former NRS 125.510(9)(b), *see* NRS

125C.0045(9)(b), which provides that the obligation to provide for the support of a minor child ceases "[w]hen the child reaches 18 years of age if the child is no longer enrolled in high school, otherwise, when the child reaches 19 years of age."

Based on the petition and the importance of this and the other issues it presents, this court entered an order directing answers from the parents, Christine and Luis Diaz, who are the real parties in interest, and the respondent district court judge, and inviting amicus to participate. *See* NRAP 21(b)(1)-(4). The parents do not oppose Washoe County's writ petition. Christine did not file an answer and has not appeared in the case, while the answer Luis filed supports Washoe County's position that recalculation should start from the date Luis requested it. Thus, as to the Diazes, whose child support arrangement is at issue, no dispute exists: The 2006 order should be modified to eliminate the emancipated children but as of or after the date the request for modification was filed, not before.

The parties and amici invite us to weigh in on a number of issues, including the availability of extraordinary writ relief at the behest of Washoe County, the recalculation of lump-sum child support awards as of the emancipation date of one of the affected children, both as to the emancipated child and the base income used to calculate support, and the impact on federal funding of the district court's ruling in this matter. The difficulty is that this court may not render advisory opinions on matters the affected parties do not dispute. *Applebaum v. Applebaum*, 97 Nev. 11, 12, 621 P.2d 1110, 1110 (1981). From the papers that have been filed, it appears that all persons affected by the order, save the district court judge who entered it, support its modification to recalculate the child support

SUPREME COURT
OF
NEVADA

(O) 1947A

due going forward from the date the request to modify was filed. And while the district court judge answered the writ petition, he did so only because he was directed by this court to do so under NRAP 21(b)(4) and, then, only after his motion to dismiss was denied without prejudice. *See Mun. Court v. Superior Court*, 857 P.2d 325, 326 (Cal. 1993) ("It is fundamental that an action must be prosecuted by one who has a beneficial interest in the outcome. In a mandamus proceeding, it is the parties in the underlying proceeding, not the courts . . . which have a beneficial interest in the outcome of a case; the role of the respondent court is that of a neutral party.") (internal brackets and quotation marks omitted); *Ng v. Superior Court*, 61 Cal. Rptr. 2d 49, 52 (Ct. App. 1997) ("[I]f . . . mandamus is sought against a *court*, the respondent judge . . . is a neutral party in the controversy between the plaintiff and defendant in the main action. The adverse party in that action is the real party in interest . . . .") (quoting 8 Witkin, *California Procedure*, § 148 (3d ed. 1985), *overruled on other grounds by Curle v. Superior Court*, 16 P.3d 166, 174 n.6 (Cal. 2001)).

The lack of disagreement among the parties affected, combined with the fact that the central issue likely will arise in other, fully contested cases, lead us to conclude that it is inappropriate to resolve this matter on extraordinary writ. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (holding that the grant or denial of extraordinary writ relief is entrusted to the court's discretion). In declining to exercise extraordinary writ review, we note that, inasmuch as the parties evidently agree to amend the order to run from the date relief was requested, such a request can and should be presented to the district court in the first instance.

Accordingly, we ORDER the petition DENIED.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. David Humke, District Judge, Family Court Division
Washoe County District Attorney/Family Support Division
Christine N. Diaz
Minden Lawyers, LLC
Attorney General/Las Vegas
Akerman LLP/Las Vegas
Clark County District Attorney/Family Support Division
Fine Carman Price
Washoe District Court Clerk