IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ANTHONY L. BARNEY, LTD., Petitioner, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; THE HONORABLE ELIZABETH GOFF GONZALEZ, DISTRICT JUDGE; THE HONORABLE VINCENT OCHOA, DISTRICT JUDGE; THE HONORABLE GLORIA STURMAN, DISTRICT JUDGE; AND THE HONORABLE WILLIAM S. POTTER, DISTRICT JUDGE, Respondents, and IN RE GUARDIANSHIP OF GARRETT DOSCH; IN THE MATTER OF THE MCGUIRE FAMILY TRUST; AND IN THE MATTER OF THE GUARDIANSHIP OF GIULIAN GRASSO, PROTECTED PERSON, Real Parties in Interest. | No. 78855 <br><br> **FILED** <br><br> SEP 1 8 2020 <br><br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY S. Young <br> DEPUTY CLERK |

### ORDER DISMISSING PETITION IN PART
### AND DENYING PETITION IN PART

This original petition for a writ of mandamus challenges multiple district court orders addressing petitioner's attempts to strike documents. This court previously ordered real parties in interest to file answers on behalf of respondents. Real parties in interest each filed a notice indicating that they took no position on petitioner's requests for writ relief and declined to participate.

This petition was rendered moot as to the Guilian Grasso and the McGuire Family Trust cases when those cases resolved below. *See Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010)

(providing that "even though a case may present a live controversy at its beginning, subsequent events may render the case moot"). We may consider a moot petition when it "involves a matter of widespread importance that is capable of repetition, yet evading review." *Id.*; *see also Bisch v. Las Vegas Metro. Police Dep't*, 129 Nev. 328, 334-35, 302 P.3d 1108, 1113 (2013) (providing the elements for this exception to the mootness doctrine). We conclude that petitioner has not demonstrated that this exception applies because the issues outlined in the petition are factually specific to petitioner and thus not capable of repetition. *See Langston v. State, Dep't of Motor Vehicles*, 110 Nev. 342, 344, 871 P.2d 362, 363 (1994) (concluding that factually specific issues are "not of the character considered capable of repetition"). Because the petition is moot as it pertains to the underlying cases involving Grasso and the McGuire Family Trust, we dismiss the petition as to those cases.[1]

As it pertains to the Dosch case, having considered the petition and its supporting documentation, we are not persuaded that writ relief is warranted because petitioner has not demonstrated that the district court acted arbitrarily or capriciously in denying petitioner's motion to strike. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (recognizing that a writ of mandamus may issue to control an arbitrary or capricious exercise of discretion); *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (recognizing that a petitioner bears the burden of demonstrating that extraordinary relief is warranted); *see also Smith v. Eighth Judicial Dist.*

---

[1]Given our dismissal of the petition as it pertains to Grasso and the McGuire Family Trust, we decline to address petitioner's other arguments regarding the record in those cases.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

*Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (recognizing that the issuance of a writ of mandamus is discretionary).

Petitioner first argues that the district court deprived it of its procedural due process rights by entering a recusal order without notice. This argument fails because petitioner did not identify a liberty or property interest impacted by that order. *See Burgess v. Storey Cty. Bd. of Comm'rs*, 116 Nev. 121, 124, 992 P.2d 856, 858 (2000) ("The protections of due process attach only to deprivations of property or liberty interests." (internal quotation marks omitted)). And while there is a due process right to an impartial jurist, *Ivey v. Eighth Judicial Dist. Court*, 129 Nev. 154, 159, 299 P.3d 354, 357 (2013), petitioner has not shown how it or its client was deprived of that right by the district court *sua sponte* recusing itself after determining that recusal was appropriate. *See* NCJC 2.11(A)(1) (requiring a judge to recuse himself "in any proceeding in which the judge's impartiality might reasonably be questioned, including [where t]he judge has a personal bias or prejudice concerning a party or a party's lawyer"); *see also Millen v. Eighth Judicial Dist. Court*, 122 Nev. 1245, 1253-54, 148 P.3d 694, 700 (2006) (acknowledging that the prior version of NCJC 2.11(A)(1) "provides a subjective basis for disqualification in that only the judge can determine whether he . . . has a personal bias or prejudice toward litigants or their counsel"). For the same reason, we necessarily reject petitioner's due process argument regarding the district court's subsequent denial of its motion to strike language in the recusal order.

We also disagree with petitioner's argument that the district court abused its discretion by denying its motion to strike certain language from the recusal order as "immaterial, impertinent, or scandalous." Petitioner's reliance on NRCP 12 is misplaced as that rule authorizes the district court to strike such matters from *pleadings*, not orders. *See* NRCP

SUPREME COURT
OF
NEVADA

(O) 1947A

3

12(f) (authorizing the court to strike such material from a pleading); *see also* NRCP 7(a) (defining pleading). Lastly, we decline to address petitioner's argument that the district court's denial of its motion to strike violated NCJC 2.11(c) because petitioner failed to raise this argument before the district court. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

Based on the foregoing, we dismiss the petition as to the matters of the McGuire Family Trust and the Guardianship of Giulian Grasso, and deny the petition as to the matter of Guardianship of Garrett Dosch.

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:     Hon. Elizabeth Goff Gonzalez, District Judge
        Hon. Gloria Sturman, District Judge
        Hon. Vincent Ochoa, District Judge
        Hon. William S. Potter, District Judge, Family Court Division
        Anthony L. Barney, Ltd.
        Cary Colt Payne
        Goldsmith & Guymon, P.C.
        Dawson & Lordahl, PLLC
        Legal Aid Center of Southern Nevada, Inc.
        Ghandi Deeter Blackham
        Eighth District Court Clerk