# IN THE SUPREME COURT OF THE STATE OF NEVADA

SAMUEL JOSIAH CARUSO,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE MARY KAY
HOLTHUS, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 82362



FILED

MAY 18 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of mandamus challenges the district court's decision denying petitioner Samuel Caruso's motion to dismiss pending charges based on an alleged separation-of-powers violation relating to Deputy District Attorney Melanie Scheible's dual service as a prosecutor and legislator.[1]  We conclude that our intervention by extraordinary relief is not warranted because Caruso has not demonstrated that dismissal of the pending charges is the correct remedy for the alleged violation.  NRS 34.160 (setting forth the standards for a writ of mandamus); *Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982) (recognizing that it is within the discretion of this court to determine

---

[1]Caruso alternatively seeks a writ of prohibition.  However, "[a] writ of prohibition . . . will not issue if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration." *Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980).  As the district court had jurisdiction over Caruso's criminal case, a writ of prohibition is not the way to challenge the district court's decision.

22-15806

if a petition for extraordinary relief will be considered); *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (recognizing that a writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office or to control a manifest or arbitrary or capricious exercise of discretion); *see also State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (stating that a manifest abuse of discretion occurs when there is a clearly erroneous interpretation or application of the law, and "[a]n arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than reason, or contrary to the evidence or established rules of law" (internal citations and quotation marks omitted)).

In reaching this decision we express no opinion on the merits of the separation-of-powers issue. "[I]t is a well-established rule of this and other courts that constitutional questions will never be passed upon, except when absolutely necessary to properly dispose of the particular case. . . ." *State v. Curler*, 26 Nev. 347, 354, 67 P. 1075, 1076 (1902); *see also Western Cab Co. v. Eighth Judicial Dist. Court*, 133 Nev. 65, 67, 390 P.3d 662, 667 (2017) (recognizing that this court "avoid[s] legal and constitutional issues if unnecessary to resolve the case at hand"). Further, this court has disfavored issuing an advisory decision in procedurally deficient cases because the court's duty is "to resolve actual controversies." *Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) (declining to consider merits of issue where the case had become moot); *see also Doe v. Bryan*, 102 Nev. 523, 525, 728 P.2d 443, 444 (1986) (declining to consider substantive issue where the issue of standing was dispositive); *Applebaum v. Applebaum*, 97 Nev. 11, 12, 621 P.2d 1110, 1110 (1981) ("This court will

(O) 1947A

not render advisory opinions on moot or abstract questions."). Here, it is unnecessary to address the separation-of-powers issue as Caruso does not show that dismissal of the criminal charges, the only remedy that Caruso sought, was an available remedy. To be clear, we do not deny relief on the ground that Caruso should raise the issue on direct appeal if he is convicted. Instead, we deny extraordinary relief because Caruso has not demonstrated that he had a clear legal right to the *only* remedy Caruso sought in district court. *See Walker v. Second Judicial Dist. Court*, 136 Nev. 678, 680, 476 P.3d 1194, 1196 (2020) (recognizing that a petitioner seeking a writ of mandamus carries a substantial burden of showing a clear legal duty to act, or where the act is discretionary, "a clear legal right to a particular course of action" by the court). Rather than take Caruso at his word that he only sought dismissal of the charges based on the alleged separation-of-powers violation, our dissenting colleagues would issue a writ of mandamus and direct the district court to consider an alternate remedy that Caruso did not seek and which he expressly disclaimed in his pleadings in the lower court. But that approach relieves Caruso of his burden of demonstrating that he is entitled to writ relief.[2] *See Walker*, 136 Nev. at 680, 476 P.3d at 1196; *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004); *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (recognizing that it is the party's "responsibility to present relevant authority and cogent argument"). And nothing in our decision precludes Caruso from seeking some other relief in the district court. Reaching a conclusion on the merits

---

[2]Our dissenting colleagues provide no support for the idea that this court can or should substitute the form of relief expressly sought by the petitioner. Nor do they provide support for the idea that the opposing party may alter the type of relief sought by the petitioner.

of the separation-of-powers issue at this time is further concerning as there has not been an opportunity for a full hearing on the issue of dual service, where the parties may develop the facts and where the named parties may participate in proceedings that may affect their employment with the Executive Branch. And the dissent, in going beyond the limits of Caruso's arguments, gives the appearance of committing members of the court to a position in a matter being litigated in the district court that will in all likelihood make its way to this court for resolution.[3] Given the procedural deficiencies in the petition and the concerns expressed above, we think it is unnecessary to address the merits of the separation-of-powers issue at this time. Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

---

[3]A separation-of-powers challenge naming a number of members of the Legislature, including DDA Scheible, has been raised in an action for declaratory relief in the district court. *Nev. Policy Research Inst. v. Cannizzaro*, 138 Nev. ___, Adv. Op. 28, ___ P.3d ___ (2022).

SILVER, J., with whom PICKERING, J., agrees, dissenting:

The Nevada Constitution's separation of powers clause prohibits Senator Melanie Scheible from serving as a legislator, passing laws, and at the same time working as a prosecutor, in the executive branch, enforcing those laws. The State's argument that this court should not entertain this writ because petitioner Samuel Caruso has an adequate remedy at law by an appeal if he is convicted of multiple life sentences is, in my view, unavailing. Because I believe that Caruso made a timely and proper separation of powers challenge in the district court prior to trial, and that a petition for a writ of mandamus is a proper vehicle by which he may challenge the denial of his trial court motion, I would grant consideration of the petition and address the merits of his challenge.[1] *Cf.* NRS 34.160; NRS 34.170; *Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982) (recognizing that it is within the discretion of this court to determine if a petition for extraordinary relief will be considered).

"Nevada courts are the ultimate interpreter of the Nevada Constitution." *Legislature of Nev. v. Settelmeyer*, 137 Nev., Adv. Op. 21, 486 P.3d 1276, 1280 (2021) (internal quotation marks omitted). It is well-settled that where the Constitution's language is clear, this court will interpret the Constitution according to its plain language and will not look beyond that language. *Id.* (applying the rules for statutory interpretation).

---

[1]While I acknowledge that this court's decision in *Nevada Policy Research Institute, Inc. v. Cannizzaro*, 138 Nev. ___, Adv. Op. ___, ___ P.3d ___ (2022), may allow this court to investigate broader allegations of separation of powers issues regarding other types of public employees, Caruso's petition would allow this court to address the specific issue of an elected state legislator's dual service as a criminal prosecutor. After reviewing the oral arguments and extensive briefing, including amici briefing, proffered here and in related cases, I believe this issue is ripe for this court's review.

Nevada's Constitution creates three branches of government: legislative, executive, and judicial. *See* Nev. Const. arts. 3-6; *Comm'n on Ethics v. Hardy*, 125 Nev. 285, 292, 212 P.3d 1098, 1103 (2009). Nevada adopted the separation of powers doctrine, which prevents any of these branches from encroaching on another's powers of government. *Hardy*, 125 Nev. at 291-92, 212 P.3d at 1103-04. That doctrine is incorporated in Article 3, Section 1, subsection 1 of our Constitution:

> The powers of the Government of the State of Nevada shall be divided into three separate departments,—the Legislative,—the Executive and the Judicial; and no persons charged with the exercise of powers properly belonging to one of these departments shall exercise any functions, appertaining to either of the others, except in cases expressly directed or permitted in this constitution.

Thus, absent a constitutional provision allowing otherwise, a person "charged with the exercise of powers" of one department *may not* exercise any function "appertaining to" another department. Nev. Const. art. 3, § 1. This language is plain and unambiguous and there is no need to look beyond it. Here, it raises two questions: (1) was Senator Scheible charged with exercising the powers of the legislative branch of government? If so, then (2) did Senator Scheible, by prosecuting criminal cases, exercise a function appertaining to another branch of government?

I would answer both questions in the affirmative. First, legislators hold offices that are expressly created by Article 4 of the Nevada Constitution and are charged with the exercise of the legislative branch's powers. *See generally* Nev. Const. art. 4 (providing the Legislative branch's powers, duties, and rules governing that branch); *see also* Nev. Const. art. 4, § 1 (vesting the Senate with legislative authority). Senators are sworn into office for four years. Nev. Const. art. 4, § 4. Accordingly, once a senator

is sworn into office, she or he is a senator at all times during that term and is charged with exercising the powers of the legislative branch throughout that entire time. Here, therefore, Senator Scheible, once sworn, was a full-time legislator and she remained charged with exercising the legislative branch's powers at all times during her four-year term.

The second question is the critical one: whether a sitting senator, who is also a deputy district attorney, exercises a function "appertaining to" another branch of government by prosecuting a crime on behalf of the State of Nevada. Without question, the answer is yes. We have described the "appertaining to" language as prohibiting any branch from "impinging on" the functions of another. *Hardy*, 125 Nev. at 291-92, 212 P.3d at 1103-04. And it is clear that prosecuting a crime—even at the local level—is an executive function. Specifically, the executive branch is charged with carrying out and enforcing Nevada law, *Del Papa v. Steffen*, 112 Nev. 369, 377, 915 P.2d 245, 250 (1996), and prosecutors represent the plaintiff State of Nevada in all criminal prosecutions, *see* NRS 169.055. Furthermore, all prosecutions are subject to the state attorney general's supervisory authority, and that office is an executive one. Nev. Const. art. 5, § 22 (establishing the office of attorney general under the executive branch); NRS 228.120(2)-(3) (granting the attorney general supervisory powers over all district attorneys and the authority to take charge of any prosecution). Moreso, criminal prosecution is a *core* function of the executive branch. *See, e.g., Pyke v. Cuomo*, 258 F.3d 107, 109 (2nd Cir. 2001) (recognizing the decision of whether to prosecute a case is a "core" executive function); *In re Jackson*, 51 A.3d 529, 538 (D.C. 2012) ("[C]riminal prosecution is a core executive function, and that power is allocated to the executive branch of government . . . ." (citation and internal quotation marks omitted)); *Steen v. Superior Court*, 331 P.3d 136, 137 (Cal. 2014)

Supreme Court
OF
Nevada

(O) 1947A

7

(recognizing that "the discretionary power to initiate criminal prosecutions" is "a core function of the executive branch"). Therefore, the separation of powers clause forbids legislators who are promoting legislation on behalf of their constituents from concurrently acting as a prosecutor—executing criminal prosecutions through enforcement of our state criminal laws.

Senator Scheible, a legislator, impinged on a core function of the executive branch by appearing in court as a Clark County Deputy District Attorney prosecuting cases on behalf of the plaintiff State of Nevada and under the authority of the executive branch. This impingement is "repugnant to the constitution." *Cf. State v. Snodgrass*, 4 Nev. 524, 525-26 (1869) (addressing the infringement of legislative power). Because I would conclude that Senator Scheible performed an executive function in prosecuting Caruso at the same time that she was a Nevada legislator, which violated the Constitution, I would grant the petition for writ relief and instruct the district court to determine the appropriate remedy under these particular circumstances.[2] Accordingly, I dissent.

_____, J.
Silver


I concur:

_____, J.
Pickering


_____

[2]Both Caruso's and the State's appellate briefs are devoid of any law or analysis as to what the appropriate remedy would be for a prosecutor's constitutional violation against a defendant during a pending criminal case.

SUPREME COURT
OF
NEVADA

(O) 1947A

8

HERNDON, J., with whom PICKERING, J., agrees, dissenting:

Because the majority focuses solely on petitioner's recitation of the appropriate relief for the separation-of-powers violation raised herein as grounds for denying the writ petition, instead of considering whether the constitutional issue raised warrants extraordinary relief, I respectfully dissent.

Petitioner Samuel Caruso was charged with various felony offenses in Clark County, Nevada. His case proceeded through the justice court preliminary hearing process and was set for trial in the Eighth Judicial District Court. Petitioner filed a pre-trial "Motion to dismiss case and exclude evidence for district attorney's violation of the separation of powers under the Nevada constitution." The substantive allegation made by petitioner was that Deputy District Attorney (DDA) Melanie Scheible's involvement as a prosecutor on his case, while she also served as an elected state legislator, violated the separation of powers doctrine. In his motion, petitioner sought, as a remedy for the constitutional violation, dismissal of his case. The State opposed the motion as raised by petitioner, but also acknowledged that petitioner's motion was more akin to a motion to disqualify DDA Scheible than a motion to dismiss his case, and then asserted there were no grounds to disqualify her. The district court heard argument and denied the motion by way of a summary written order, which stated only that the motion was denied "for the reasons and arguments stated in the [s]tate's [o]pposition."

For writ relief to be available, the petitioner must "demonstrate[e] that extraordinary relief is warranted." *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). The majority refuses to even consider the alleged constitutional violation, which

SUPREME COURT
OF
NEVADA

(O) 1947A

9

was raised below and ruled on by the district court, much less the question of whether any relief is necessary to address a constitutional violation—clearly and timely raised by petitioner—merely because, as the majority states, the remedy of dismissal as sought by petitioner is unavailable to him in this case. As recognized by the majority, this court should not avoid constitutional questions when they are necessary to ensure the proper disposition of the particular case. *State v. Curler*, 26 Nev. 347, 354, 67 P. 1075, 1076 (1902). If petitioner's separation-of-powers argument has merit, permitting DDA Scheible to prosecute the criminal action arguably destabilizes the entire criminal justice system, and specifically undermines the judicial procedure and eventual disposition here. *See Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197-98, 179 P.3d 556, 559 (2008) (explaining that a writ of mandamus may be warranted when "an important issue of law needs clarification and considerations of sound judicial economy and administration militate in favor of granting the petition"). It is hard to imagine a situation raising a constitutional query with a greater need for the court to protect the integrity of the judicial process, in the eyes of the public, than one in which elected state legislators seek to also execute the powers of the executive branch within the state's trial courts, in possible violation of the separate of powers doctrine. *See Halverson v. Hardcastle*, 123 Nev. 245, 261-62, 163 P.3d 428, 440 (2007) (explaining that courts have the "inherent power to prevent injustice and to preserve the integrity of the judicial process"). Thus, I believe the majority's decision to focus only on the petitioner's wished-for remedy is shortsighted and ignores whether petitioner actually and timely raised an issue warranting extraordinary relief.

 

The posture of this case differs from that in *State v. Eighth Judicial District Court (Plumlee)*, No. 82236, ___ (2022), and *State v. Eighth Judicial District Court (Molen)*, No. 82249, ___ (2022). In those cases, DDA Scheible tried the cases to judgments of conviction in justice court, with the challenge being raised on appeal thereafter to district court. Here, petitioner filed a pre-trial motion in the district court alleging a separation of powers violation. The district court denied his motion, thereby denying the substantive allegations he raised, without ever reaching the issue of what an appropriate remedy would be for a separation of powers violation.

Both the district court's summary denial and the majority's summary denial here, ignore the fact that even the State acknowledged below that petitioner's motion was, at its core, a motion to disqualify DDA Scheible. The State spent almost four pages of its opposition below addressing the disqualification issue. Thus, although petitioner continued to advocate for dismissal as a remedy, the issue of disqualification as a remedy was placed squarely in front of the district court. While the district court's summary order denying the motion was devoid of any substantial legal or factual analysis, it did state that the motion was being denied "for the reasons and arguments stated in the [s]tate's [o]pposition." As such, the district court's order implied that it denied the allegation of a separation of powers violation in what had been reframed by the State to be a motion to disqualify DDA Scheible.

Therefore, when petitioner asserted that the district court arbitrarily or capriciously exercised its discretion, his argument necessarily raised the issue of whether it was an arbitrary and capricious exercise of discretion to refuse to find a violation of the separation of powers and grant the remedy he sought (dismissal of his case) and/or the separate remedy

that was also placed before the district court (disqualification of DDA Scheible). Thus, this issue is ripe for this court's determination, especially considering the procedural posture of this case and the extensive appellate briefing, including amici briefing, and argument that has occurred in this case and in *Plumlee* and *Molen*. I believe this court must address the constitutional question raised in this matter to ensure the proper disposition of petitioner's case below.[1] Accordingly, for the reasons stated above, I disagree with the majority's decision to ignore the properly raised constitutional question of whether an elected state legislator acting as a prosecutor violates the separation of powers doctrine.

_____, J.
Herndon

I concur:

_____, J.
Pickering

---

[1]This court's recent decision in *Nevada Policy Research Institute v. Cannizzaro*, 138 Nev. ___, Adv. Op. ___, ___ P.3d ___ (2022), will potentially allow for a more thorough investigation of the broader allegation of separation of powers issues involving all manner of public employees. However, I believe that petitioner's timely and proper challenge in the district court provides the vehicle by which this court should address the more narrow issue of elected state legislators simultaneously serving as criminal prosecutors.

cc:  Hon. Mary Kay Holthus, District Judge
     Hamilton Law
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk